1  **BRYAN CAVE LLP**
   Ann Kotlarski (Bar No. 122443)
2  Catherine Evans (Bar No. 139554)
   120 Broadway, Suite 300
3  Santa Monica, CA 90401-2386
   Telephone: (310) 576-2100
4  Facsimile: (310) 576-2200
   E-Mail: ann.kotlarski@bryancave.com
5           catherine.evans@bryancave.com

6  Attorneys for Defendant HOME DEPOT U.S.A., INC.

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | CARL HAYNES,                          | CASE NO.: **'15CV1038 WQHBGS**
12 |           Plaintiff,                  | [Removed from San Diego County Superior Court, Case No. 37-2015-00004867-CU-WT-CTL]
13 |      v.                               |
14 | HOME DEPOT U.S.A., INC.; DOES 1-10,   | **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT HOME DEPOT U.S.A., INC.**
15 |
16 |           Defendant.                  |

17

18         TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES
19 AND THEIR ATTORNEYS OF RECORD:
20         PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc.
21 ("Defendant" or "Home Depot") hereby removes this action from the Superior
22 Court of California, County of San Diego, to the United States District Court for the
23 Southern District of California, pursuant to 28 U.S.C. § 1446. This action is a civil
24 action between citizens of different states and the amount in controversy exceeds
25 $75,000.00, exclusive of interest and costs. Accordingly, this Court has original
26 jurisdiction under 28 U.S.C. §§ 1332 and 1441.
27         The following is a short, plain statement of the grounds for removal. *See* 28
28 U.S.C. §1446.

## I.   STATEMENT OF THE CASE

1.   This case arises from Plaintiff's employment with Defendant and subsequent termination. On or about February 13, 2015, Plaintiff filed this action in the Superior Court of California for the County of San Diego (Case No. 37-2015-00004867-CU-WT-CTL) ("Action"). Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2.   According to the Complaint, Plaintiff alleged that Defendant wrongfully terminated Plaintiff on February 12, 2013 due, in part, to his age; breached written and oral employment contracts; failed to pay Plaintiff overtime wages; made false, misleading, or fraudulent representations; retaliated against Plaintiff on the basis of his sex/gender (male), for complaining about a hostile work environment, and/or for being over the age of 40; discriminated against Plaintiff due to his age and/or gender (male); and intentionally inflicted emotional distress on Plaintiff. (Exh. A, Compl.) Specifically, Plaintiff asserted causes of action for (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Fraudulent Misrepresentation/False Promises; (4) Negligent Misrepresentation; (5) Claim for Wages under California Labor Code; (6) Wrongful Termination; (7) Retaliation in Violation of FEHA; (8) Failure to Prevent Discrimination and Retaliation in Violation of Gov't Code §12940(k) et. seq.; (9) Age Discrimination in Violation of the FEHA; (10) Gender Discrimination in Violation of FEHA and the Unruh Civil Rights Act; (11) Wrongful Termination (Public Policy Violation); (12) Intentional Infliction of Emotional Distress; and (13) Negligent Infliction of Emotional Distress. *Id.* The nature of the action is stated more fully in the Complaint.

3.   Plaintiff served the Summons and Complaint on Defendant's agent for service of process, Corporation Service Company, by personal service on April 9, 2015. Plaintiff also served the Alternative Dispute Resolution (ADR) Information, the Notice of Case Assignment and Case Management Conference, the Notice of

Eligibility to eFile and Assignment to Imaging Department, and the Civil Case Cover Sheet. Attached hereto as **Exhibit B** are true and correct copies of the Summons, Alternative Dispute Resolution (ADR) Information, the Notice of Case Assignment and Case Management Conference, the Notice of Eligibility to eFile and Assignment to Imaging Department, and the Civil Case Cover Sheet.

4. On May 8, 2015, Defendant filed and served its Answer to Plaintiff's Complaint with the San Diego Superior Court and mail served a copy of such Answer to Plaintiff's counsel. The Clerk of the Court accepted the Answer for filing and noted that conformed copy will be provided within two weeks. Attached hereto as **Exhibit C** is a true and correct copy of the Answer filed with the Court.

## II. TIMELINESS OF REMOVAL

5. Removal by Defendant is timely pursuant to 28 U.S.C. § 1446(b) because it is within 30 days after Defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. § 1446(b)(1). In this case, the first paper making it ascertainable that the case is removable is Plaintiff's Summons and Complaint, served on April 9, 2015, which disclosed an amount in controversy that exceeds $75,000.00. (See Exh. A, Compl. ¶¶ 35, 48, 58, 69, 77, 86, and 128.)

6. At all relevant times, at the time that the Complaint was filed and served, and at the time of the filing of this Notice of Removal, Home Depot was and has been incorporated in the State of Delaware.

7. At all relevant times, including the time the Complaint was filed and served, and at the time of this Notice of Removal, Defendant's principal place of business is in the city of Atlanta in Fulton County, Georgia. When determining a corporation's principal place of business for purposes of diversity jurisdiction,

courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). The principal place of business is where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* Home Depot's principal place of business is in Atlanta, Georgia, as Home Depot performs the vast majority of its executive and administrative functions at its corporate headquarters there.

8. At all relevant times, including the time that the Complaint was filed and served, and at the time of this Notice of Removal, Plaintiff was and is a citizen of the State of California and was and is domiciled in the County of San Diego. (*See* Exh. A, Compl. ¶ 1.)

### III.  GROUNDS FOR REMOVAL

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Unless the civil action is founded on a claim arising under the Constitution, treaties or laws of the United States, the action shall be removable only if none of the parties in interest properly joined and served as defendants are citizens of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

10. As set forth below, this case meets all of the requirements for removal based on diversity of citizenship, and is properly removed by the filing of this Notice of Removal. Specifically, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 because this action is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Diversity of Citizenship Exists

11. Plaintiff is and was a citizen of the State of California. He alleged that he is and was a resident of the State of California at all times relevant to the Complaint. (Exh. A, Compl. ¶ 1.) As of the time of filing this Notice of Removal, Plaintiff remains a citizen of the State of California.

12. Home Depot was at the time of filing of the Complaint, and is at the time of this Notice of Removal, a corporation organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.[1]

13. The citizenship of "Doe" defendants is not considered for removal purposes. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[C]itizenship of defendants sued under fictitious names shall be disregarded for purposes of removal").

14. The first requirement for diversity jurisdiction exists because Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Such diversity existed when Plaintiff initiated this action and at the time of filing of this Notice of Removal.

### B. The Amount in Controversy Exceeds $75,000

15. Plaintiff's Complaint admits that the amount in controversy exceeds $75,000.00. (*See* Exh. A, Compl. ¶¶ 35, 48, 58, 69, 77, 86, and 128.) Thus, the amount in controversy requirement is satisfied.

### IV. THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

16. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] Plaintiff's Complaint makes one reference (Compl. at 13:8-10, Exh. A, p.19) to additional purported individual Defendants. However, this reference is plainly a scrivener's error, as these purported Defendants are not named in the caption of the Complaint, and there are no substantive allegations made about them anywhere in the Complaint.

17. In accordance with the requirements of 28 U.S.C. § 1446(a), all papers served on Defendant in the state court action as of the filing of this Notice of Removal are attached hereto. (*See* Exhs. A, B.)

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego.

19. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of this removal by serving Plaintiff's counsel of record with a complete copy thereof.

20. No previous application has been made for the relief requested herein.

21. This notice has been signed pursuant to Federal Rule of Civil Procedure 11.

## V. CONCLUSION

22. Because this action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs, Home Depot respectfully requests that this Court exercise its removal jurisdiction over this Action, and that this Action pending in the Superior Court of the State of California, County of San Diego, Case No. 37-2015-00004867-CU-WT-CTL, be removed from the Superior Court to this Court.

///
///
///
///
///
///
///
///
///

23. In the event that this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated:     May 5, 2015                    Respectfully submitted,

**BRYAN CAVE LLP**

Ann Kotlarski
Catherine Evans


By: s/Ann Kotlarski
    ANN KOTLARSKI
Attorneys for Defendant HOME DEPOT U.S.A., INC.
ann.kotlarski@bryancave.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

<u>s/Ann Kotlarski</u>
Ann Kotlarski