EXHIBIT "A"

Kevin J. Mirch, Bar No. 106973
Marie C. Mirch, Bar No. 200833
Erin E. Hanson, Bar No. 272813
MIRCH LAW FIRM LLP
750 B. St., Suite 2500
San Diego, CA 92101
(619)501-6220 tel.
(619)501-6980 fax

*Attorneys for Plaintiff*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**02/13/2015** at 08:00:00 AM
Clerk of the Superior Court
By Adriane Bennett,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN DIEGO

CARL HAYNES,

      Plaintiff,

    vs.

HOME DEPOT U.S.A. INC..; DOES 1-10,

      Defendant.

Case No.  37-2015-00004867-CU-WT-CTL

**COMPLAINT FOR DAMAGES**

IMAGED FILE

Demand for Jury Trial

Plaintiff , by and through, his  attorney of record, Mirch Law Firm,  alleges  as follows:

**Preliminary Provisions:**

1. Plaintiff, Carl Haynes, at all times relevant hereto was a resident of the County of  San Diego, State of  California.

2. Defendant, Home Depot U.S.A. Inc. (herein after referred to as "Home Depot" and/or "HD"), was at all times relevant hereto,  a resident of San Diego County,  State of California.

3. Plaintiff is ignorant of the true names and identities of Does 1-10, but none the less,  sues the same as if more fully set forth herein.  At such time as the true names and identities are known, Plaintiff will seek leave to amend this complaint.

4. Whenever the term Defendant is used without specific exclusion of any other Defendant, then

1  all the Defendants are included in that term.  This applies even if the term "Defendant" is used in the

2  singular or the plural.  Whenever the term "Home Depot" is used it refers to all the Defendants, unless

3  otherwise stated.

4  <u>**Factual Allegations**</u>

5      5.  Plaintiff, Mr. Haynes (hereinafter referred to sometimes as "Plaintiff"),  worked for Home

6  Depot for 26 years before being wrongfully terminated.  The term "wrongfully terminated" includes, but

7  is not limited to all the conduct included herein.

8      6.  Plaintiff, entered into three  employment contracts with Home Depot.  Those contracts were

9  written, oral and implied by the conduct of the parties.   The first contract was entered into in or around

10  February 2, 1987.  The first written contract consisted of  the employee handbook which was amended

11  several times through Plaintiff's tenure with Home Depot.  The Home Depot Employee Handbook was

12  amended by new handbooks, as well as  multiple and single page written memoranda which were

13  provided to the Plaintiff.  The Home Depot Handbook was also amended by oral promises made by

14  Home Depot Management.

15      7.  Oral contracts were regularly made which consisted of promises made by management

16  directly to Plaintiff.   Plaintiff thereafter relied upon those promises and written memoranda issued by

17  Home Depot when staying at Home Depot instead of accepting employment at other competing

18  businesses.

19      8.  A number of representations were made that induced Plaintiff to continue his employment at

20  Home Depot for 26 years.

21      9.  Plaintiff had outstanding reviews throughout his employment with Home Depot.

22      10.  At all times relevant hereto, Plaintiff's departments were performing above expectations

23  which made Plaintiff eligible for raises, bonuses and promotions.  The promotions included, but were

24  not limited to, store manager, district manager and other top level management positions in California as

25  well as Atlanta, Georgia.

26      11. Mr. Haynes was wrongfully terminated after 26 years of employment at Home Depot

27  because, in part, his age.  HD had a policy to terminated employees over a certain age who had been with

28  the company for a significant amount of time and making high salaries.

COMPLAINT FOR DAMAGES                              -2-

1   12. Mr. Haynes was replaced with a lower paid, younger employee. Mr. Haynes was harassed,

2   discriminated against, and retaliated against because, in part, his age.

3   13. Mr. Haynes was falsely written up and terminated by Mr. Grooms and Mr. Collins because he

4   refused to quit despite being subjected to improper work practices. At the time of his termination, Mr.

5   Haynes was 62 years old. Plaintiff's date of birth is January 29, 1951.  Mr. Haynes was falsely accused

6   of "poor work performance" among other things.

7   14. Plaintiff received false writeups for incidents that happened weeks prior to the writeups.

8   Defendant never spoke to Plaintiff when the alleged incidents occurred, Plaintiff only received

9   unexpected writeups weeks later.

10  15. Approximately six months prior to Plaintiff's termination, Plaintiff was told by manager

11  Sheila that she spoke with AACG and they had enough to terminate him, but they were not going to

12  terminate him.

13  16. The day that Plaintiff was terminated, he had been off on vacation for five days.  Plaintiff was

14  set to return on a Wednesday.  Plaintiff called Mr. Collins on Sunday (during his five day weekend) to

15  ask if he should come in for the Monday meeting.  Mr. Collins had previously told Plaintiff that it was a

16  waste of time for Plaintiff to come in during the week if he was gone on Monday because Mondays are

17  the days where they have a meeting to go over what happened the week prior and what would be

18  happening in the current week.  Plaintiff asked Mr. Collins if he should come in on the Monday during

19  his vacation and Mr. Collins said no.  Mr. Collins then texted Plaintiff and told Plaintiff to not come to

20  work on Wednesday.  Mr. Collins told Plaintiff to come to the District office to meet with Mr. Grooms

21  and Mr. Collins.  Plaintiff knew he was either being terminated or moved to a distant location as a

22  method to force Plaintiff to quit.

23  17. Mr. Haynes experienced emotional distress from the date of the text message on Sunday

24  through Wednesday.  On Wednesday Plaintiff met with Mr. Collins and Mr. Grooms as he was

25  instructed to do.  Mr. Collins came into the room and said "we are going to let you go."  Plaintiff asked

26  what prompted his termination, and Mr. Collins said they were not going to discuss it.  Mr. Collins

27  refused to tell Plaintiff why he was terminated.  Plaintiff asked about his insurance because his wife had

28  cancer that was going to be removed that coming Friday.  Mr. Collins told Plaintiff to call Atlanta.

COMPLAINT FOR DAMAGES                                      -3-

1 | Plaintiff asked for Atlanta's phone number and Mr. Collins stated that he did not have it, but to call
2 | Sheila to get it. The reason for Plaintiff's termination on HD's paperwork was as follows: "Associates
3 | are expected to come to work prepared to fulfill their job responsibilities and duties with proficiency,
4 | competence and expertise. They are expected to exhibit a willingness and ability to deliver excellent
5 | customer service. When performance falls below expectations or is inconsistent, the Company has a duty
6 | to address the concern. Over the last six months Carl has had several performance conversations with
7 | his Store Manager and District Manager. Carl has not shown a sustainable improvement in his execution
8 | around staying in stock, executing tasks and developing his direct reports . Based on the Company's
9 | investigation, it has been determined that this performance fell below the standards expected for job
10 | performance." This is false.   Mr. Haynes 2012 Performance Review summary stated that Plaintiff was a
11 | valued performance and a "well-positioned" performer. Mr. Haynes was given a raise for his 2012
12 | performance and given a $18,000 bonus.

13 | 18. The day after Plaintiff was terminated, Mr. Collins asked to meet Plaintiff somewhere other
14 | than the store to return his keys. Mr. Collins told Plaintiff to not come to the store for three to four
15 | weeks. Plaintiff met Mr. Collins outside of the store to return his keys. Mr. Collins told Plaintiff, "You
16 | are really not a bad guy." This comment confused Plaintiff because he didn't know who had ever said
17 | that he was a bad guy. Mr. Collins brought Plaintiff his belongings from his cabinet because Plaintiff
18 | was not permitted in the store.

19 | 19. Plaintiff was wrongfully losing five weeks of vacation per year because HD made a new
20 | policy that employees could only use eight weeks of vacation per year. This resulted in older employees
21 | losing their accumulated vacation time.

22 | 20. After Mr. Haynes employment with HD ended, Mr. Grooms [HD's district manager] held a
23 | meeting where he spoke to HD Department Heads and other employees at the Santee HD store and
24 | discussed the reason for Mr. Haynes' termination. Mr. Grooms told HD employees that Plaintiff could
25 | not keep up with the new HD practices. Many employees were crying and very upset over Plaintiff's
26 | termination during the meeting. Mr. Grooms defamed Mr. Haynes at this meeting and gave false reasons
27 | for Mr. Haynes' termination. Mr. Collins, the Home Depot Santee Store manager, admitted to Mr.
28 | Haynes that he was in fact being targeted and that was the reason behind the multiple false write ups.

COMPLAINT FOR DAMAGES                                    -4-

1     21. At the time it was occurring, Mr. Haynes did not understand why he was being discriminated

2 against, retaliated against, and harassed. Mr. Haynes did not learn of the facts of Home Depot's unlawful

3 acts until more than one year after his termination.

4     22. Mr. Haynes first obtained knowledge of the facts of Home Depot's unlawful conduct in

5 approximately March of 2014. Mr Haynes has been unable to obtain employment from the date of his

6 termination until the present. Mr. Haynes made approximately $78,000.00 at the date of his termination,

7 not including year bonuses that equaled approximately $12,000.00 to $15,000.00. HD had a policy to

8 terminate "older employees" because of large accumulations of vacation and overtime and their larger

9 salaries. Moreover, HD failed to pay overtime/vacation to Mr. Haynes as is required by California and

10 Federal statutes. Mr. Haynes was only acquiring vacation at 40 hours per week instead of 55+ hours per

11 week. Mr. Haynes was working over 55 hours per week and was not compensated for the time over 40

12 hours that he worked.

13     23. Plaintiff was replaced by a younger manager in his 20s or early 30s.

14     24. Plaintiff has tried to get employment since his termination but employers see that he is in his

15 sixties and do not call him back. Plaintiff has turned in several applications for employment including

16 Lowe's, TrueValue, and Dixieline. Employees see that Plaintiff was a handyman for 20 years and

17 employed for 26 years at HD and they know he is older. As of the date of this complaint, Plaintiff is still

18 unemployed and looking for employment.

19              **FIRST CLAIM FOR RELIEF**

20                 **Breach of Contract**

21           **(Against Home Depot USA, Inc.)**

22     25. Plaintiff incorporates by reference all the allegations of this complaint as if more fully set

23 forth herein.

24     26. On or about 1987, the parties entered into a written contract for employment (i.e., Contract).

25 Implicit in the contract of employment was Home Depot's obligation to follow all state, federal, and/or

26 industry rules (including its own compliance rules & regulations), regulations and statutes regarding its

27 employment practices. This contract was amended through oral and implied conduct which created

28 additional terms including that Plaintiff was not an at-will employee. HD created procedures that were

COMPLAINT FOR DAMAGES      -5-

1  required to be followed before it could terminate an employee.  These procedures were not followed
2  before the Plaintiff was terminated.
3       27. Home Depot breached the Plaintiff's employment contract.  Defendant  breached the contract
4  in the following manner:
5            a. **Plaintiff's wages.** Home Depot failed, refused and/or neglected to pay Plaintiff his
6  earned bonus after he was terminated.  Home Depot promised Plaintiff continuously and provided
7  Plaintiff with documentation which showed its promises that bonuses would be available and paid for,
8  but refused and/or neglected to pay for such.  Home Depot did not pay overtime amounts due to Plaintiff
9  in accordance with state and federal rules, regulations and statutes.  Plaintiff worked hundreds of unpaid
10 hours because of "employment tricks" which avoided state and federal statutes (e.g., working 2 days
11 without a legitimate break by giving them a break 5 minutes before midnight and then making
12 employees start back to work 5 minutes after mid night.  Home Depot encouraged violations of the "fifth
13 hour" rule.  Associates were encouraged ("told to work off the clock") and promised promotions based
14 upon doing such and not disclosing the same.  Associates were often required to work 7 days a week and
15 not paid double time.
16           b. **Due Process.** Home Depot wrongfully terminated Plaintiff in violation of the due
17 process requirements spelled out in the employment manual and other written documents.  HD falsely
18 stated in Plaintiff's termination notice that the matter resulting in termination had been investigated.
19 There was in fact no investigation conducted by HD.
20           c. **Wrongful Termination.** Home Depot wrongfully terminated Plaintiff in violation of
21 the due process requirements spelled out in the employment manual and other written documents.
22 regularly assured Plaintiff that he could not be terminated without having a legitimate reason and due
23 process to prevent false allegations being the cause of a termination. In this case, false allegations were
24 used to justify Plaintiff's termination.  Those false allegations were used by HD to conceal its true
25 intentions of discrimination against and retaliating against male employees over the age of 40.
26           d. **Requiring Plaintiff to work in a discriminatory and retaliatory workplace.**  Home
27 Depot encouraged its upper level managers to create false documentation in older employee's files in
28 order to wrongfully justify their terminations.  This conduct was used against the Plaintiff to illegally

COMPLAINT FOR DAMAGES                         -6-

1    terminate the Plaintiff.

2            e. **Breach of employment terms.** Home Depot failed to follow its procedures in place

3    for termination.  Home Depot failed to provide a discrimination free and retaliation free workplace.

4    Defendant failed to pay Plaintiff his appropriate wages including overtime.  HD incorrectly labeled

5    Plaintiff as an overtime exempt employee when in fact he was not exempt and should have been

6    compensated for his overtime.  HD wrongfully took Plaintiff's earned vacation away from him without

7    compensation him for such.  HD failed to pay Plaintiff his earned bonuses which are continuously

8    promised to Plaintiff on documents.  Home Depot failed to investigate the matters which allegedly led

9    to Plaintiff's termination.  Had HD properly investigated, it would have determined that Plaintiff was

10   being targeted due to his age and gender in order to cut costs and eliminate his high paying salary.

11           f. **Breach of employment terms regarding Plaintiff's retirement stock plan.** Home

12   Depot misrepresented to Plaintiff that he was being compensated for the extreme hours that he was

13   forced to work through bonuses and stock.  HD greatly overstated the value of the stock plans in order to

14   induce Plaintiff to continue to work the long hours for Home Depot.

15           i. **Job Duties:** Plaintiff was hired as an assistant store manager (ASM) and given certain

16   job duties.  The job duties were false because Plaintiff was required to do hourly associates' duties.  HD

17   did not allow hourly associates to work overtime except in extreme circumstances.  Plaintiff would be

18   scolded if even 15 minutes of overtime was allowed.  Plaintiff was required to do the leftover hourly

19   associates' work in order to get things done.  HD intentionally hired less hourly associates than what

20   was required to complete the work as a method to keep costs down.  HD would then required the

21   salaried managers to do the hourly associate's work and avoid having to pay overtime.  Mr. Collins told

22   Plaintiff that Mr. Grooms instructed him to work 24 hours a day if it was necessary to get the work done.

23   Mr. Grooms justified this instruction by saying that Plaintiff was a salaried manager and therefore was

24   required to wok all the hours necessary to get the job done.

25           28. The contract was evidenced by the transfer of adequate legal consideration between the

26   respective parties and amended by oral promises, written updates and conduct which implied additional

27   or different terms and conditions.  Plaintiff relied upon the implied and oral statements in continuing to

28   work for Home Depot.  Without those oral promises and implied conduct, Plaintiff would have gone to

COMPLAINT FOR DAMAGES                           -7-

1 | work for another store.

2 |     29. Plaintiff has satisfied all the terms and conditions of his written, oral and implied contracts

3 | with Home Depot.

4 |     30. Home Depot's breaches are material and Plaintiff would not have gone to work for Home

5 | Depot had he known that his written, oral and implied contracts were not going to be followed.

6 |     31.Plaintiff has requested that the breaches be cured on several occasions.

7 |     32. Defendant has failed, refused and/or neglected to cure the breaches even though Defendant

8 | has been notified of the same and specifically requested that the same be cured.

9 |     33. As a direct and proximate cause of the breach of contract of Defendant, Plaintiff has been,

10 | and will be in the future, prevented from earning maximum profits from the operation of his business.

11 | The exact amount of the lost profits and loss of future earnings is thus far undetermined and accordingly,

12 | will be proven at the time of trial.

13 |     34. As a result of material breach of contract, Plaintiff has retained an attorney in order to

14 | prosecute this action and as a consequence Plaintiff is entitled to reasonable attorney fees and costs

15 | related thereto.

16 |     35. As a result of Defendant's breach of contract, Plaintiff has been damaged substantially in

17 | excess of $100,000.

18 |     **WHEREFORE**, Plaintiff prays for relief as set forth below:

19 |

20 |                 **SECOND CLAIM FOR RELIEF**

21 |            **Breach of Covenant of Good Faith and Fair Dealing**

22 |                **(Against Home Depot USA, Inc.)**

23 |     36. Plaintiff incorporates by reference all the previous paragraphs as if more fully set forth

24 | herein.

25 |     37. The parties had a special relationship that required reliance upon the representations and

26 | conduct of each other. The reliance which eventually lead to performance by the Plaintiff was as a

27 | result of that same relationship and was reasonable.

28 |     38. On or about 1987, the parties entered into a contract for employment. Implicit in the contract

COMPLAINT FOR DAMAGES                 -8-

1  of employment was Home Depot's obligation to follow all state, federal, and industry rules and

2  regulations regarding its employment practices.

3      39. As described above, Defendant intentionally breached a number of the contract provisions.

4  Defendant never intended to comply with the terms and conditions of the contract. Plaintiff relied upon

5  the Defendants' promises.

6      40. The breaches of the covenant of good faith and fair dealing are material and intentional.

7      41. All contracts are subject to a covenant of good faith and fair dealing. In every contract there

8  is a covenant of good faith and fair dealing.

9      42. Plaintiff has requested that the breaches be cured on several occasions.

10     43. Defendant has failed, refused and/or neglected to cure these breaches of the covenant of good

11  faith and fair dealing without excuse.

12     44. Defendant has intentionally violated the implied covenant of good faith and fair dealing. The

13  breach is tortious.

14     45. As a direct and proximate result of the breach of the implied covenant of good faith and fair

15  dealing of Defendant, Plaintiff has been, and will be in the future damaged. The exact amount of the

16  lost earnings and loss of future earnings is thus far undetermined and accordingly, will be proven at the

17  time of trial. As a further proximate result of the breach of the covenant of good faith and fair dealing by

18  Defendant, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer

19  therefrom in the future.

20     46. Plaintiff has retained an attorney to prosecute this action and as a consequence Plaintiff is

21  entitled to reasonable attorney fees and costs related thereto.

22     47. Defendant acted maliciously by terminating or deciding to terminate Plaintiff and refusing

23  to pay his "sick leave time" which was directly caused by having to work in an environment of open and

24  notorious fraud. The fraud had created a criminal environment (e.g., having to purchase cocaine and

25  other drugs in order retain Plaintiff's job and to "climb up the ladder").

26     48. As a result of Defendant's breach of the implied covenant of good faith and fair dealing,

27  Plaintiff has been damaged substantially in excess of $100,000.

28     49. In breaching the covenant of good faith and fair dealing, Defendant acted with malice and

COMPLAINT FOR DAMAGES                    -9-

1   exhibited a reckless disregard for the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive

2   damages in an amount to be determined at the time of trial.

3       **WHEREFORE**, Plaintiff prays for relief as set forth below.

4

5                            **THIRD CLAIM FOR RELIEF**

6                      **Fraudulent Misrepresentation/False Promises**

7                        **(AGAINST HOME DEPOT U.S.A. INC.)**

8       50. Plaintiff incorporates by reference all the previous paragraphs as if more fully set forth

9   herein.

10       51. Defendant made the following statements in order to induce the Plaintiff to enter into the

11   above contract:

12       52. Home Depot made promises to induce Plaintiff to go to work and continue to work for

13   Home Depot which Home Depot did not honor. Each of these representations were false. These

14   representations were made by various HD managers and district managers and continued to be made up

15   to the time of Plaintiff's termination.

16       a. Plaintiff was told that certain procedures were in place which must be followed before an

17   employee could be terminated. Plaintiff was told this by his managers and saw this practice in the

18   business. He as an ASM could not terminate individuals without following procedures: counseling,

19   verbal warnings, written warnings, etc.

20       b. Plaintiff was told verbally and in writing in the handbooks that Home Depot did not

21   discriminated against its employees. This was false as Home Depot which was required to promote

22   women before men because of previous years of discrimination against women. Plaintiff was not against

23   qualified women and racial minorities from being promoted, but against reverse discrimination against

24   himself. Defendants also discriminated against individuals over the age of 40.

25       c. Home Depot did not follow procedures it represented that existed in the daily operations of

26   Home Depot (safety rules; due process for discipline rules; review of associates; payment for medical

27   leave; time payment of bonuses, etc).

28       d. Home depot represented that promotions were given; however, Home Depot promotions were

COMPLAINT FOR DAMAGES                    -10-

1  often based upon nepotism not performance; Plaintiff was originally hired in 1987 as an ASM, he was

2  promoted as a store manager for about 1.5 years and then demoted when he was 41. Plaintiff was

3  allowed to interview for a store manager position in the mid 1990s, when he was about 45 years old, and

4  was not offered the position, instead the position went to a less experienced female employee. After

5  Plaintiff was 45 years old for the next 20 years of his employment with HD, Plaintiff was never offered

6  or allowed to interview for a promotion despite being told by other store managers that he should be a

7  store manager.

8      e. Home Depot established a corporate culture which encouraged improper and sometimes illegal

9  conduct in order to increase profits or establish relations that should not have been permitted (i.e. age

10 discrimination, overstating stock values, etc);

11      f. Home Depot represented that it would pay Plaintiff in accordance with state laws and

12 regulations. Home Depot did not pay overtime amounts due to Plaintiff in accordance with state and

13 federal rules, regulations and statutes. Plaintiff was required to do hourly associate duties.

14      g. Home Depot represented that Plaintiff would receive 5 weeks of vacation per year after he

15 worked at HD for 20 years. This was not true. Plaintiff was not allowed to actually take his vacation

16 because when he went on vacation, he was improperly written up. Additionally, when he went on

17 vacation there was no one available to do his job duties so his performance suffered. In reality Plaintiff

18 was not allowed to take 5 weeks vacation per year because HD did not provide the support necessary

19 when Plaintiff was on vacation.

20      h. HD represented that Plaintiff would have certain job duties as an ASM. The job duties were

21 false because Plaintiff was required to do hourly associates' duties. HD did not allow hourly associates

22 to work overtime except in extreme circumstances. Plaintiff would be scolded if even 15 minutes of

23 overtime was allowed. Plaintiff was required to do the leftover hourly associates' work in order to get

24 things done. HD intentionally hired less hourly associates than what was required to complete the work

25 as a method to keep costs down. HD would then required the salaried managers to do the hourly

26 associate's work and avoid having to pay overtime. Mr. Collins told Plaintiff that Mr. Grooms

27 instructed him to work 24 hours a day if it was necessary to get the work done. Mr. Grooms justified

28 this instruction by saying that Plaintiff was a salaried manager and therefore was required to wok all the

COMPLAINT FOR DAMAGES                    -11-

1  hours necessary to get the job done.

2      i. AMS, including Plaintiff, were often required to work 7 days a week and not paid double time;

3      j. Home Depot represented that the employee review process was fair. That representation was
4  false as the "round table" was used as a means of justifying wrongful terminations or protecting certain
5  store managers from justifiably poor reviews.

6      k. The company set up budgets for monetary, reviews, etc., in advance of their true evaluations.
7  This resulted in wrongful terminations and incorrect management decisions being made based upon
8  artificial standards and untruthful determinations of associates and other employees work.

9      l. Moreover, HD failed to pay overtime/vacation to Mr. Haynes as is required by California and
10  Federal statutes. Mr. Haynes was only acquiring vacation at 40 hours per week instead of 55+ hours per
11  week. Mr. Haynes was working over 55 hours per week and was not compensated for the time over 40
12  hours that he worked. Mr. Haynes was told that the extra hours would be paid in vacation time, stock,
13  and bonuses however this was false and Mr. Haynes was never compensated for the overtime hours.

14      53. The Defendant's representations were false.

15      54. Defendant made the representations intentionally in order to induce Plaintiff to enter into the
16  contract. These representations include, but are not limited to the following:

17      55. Plaintiff relied upon Defendant's statements in entering into the contract.

18      56. Plaintiff's reliance upon Defendant's misrepresentations was reasonable.

19      57. As a direct and proximate result of the Defendant's Fraudulent Misrepresentations, Plaintiff
20  has been, and will be in the future, prevented from earning maximum profits from his employment. The
21  exact amount of the lost earnings and loss of future earnings is thus far undetermined and accordingly,
22  will be proven at the time of trial. As a further proximate result of the fraudulent misrepresentations by
23  Defendant, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer
24  therefrom in the future.

25      58. As a result of Defendant's improper conduct, Plaintiff has been damaged substantially in
26  excess of $100,000.00.

27      59. Plaintiff has retained an attorney in order to prosecute this action and accordingly, Plaintiff is
28  entitled to reasonable attorney fees and costs related thereto.

60. In committing the acts herein mentioned, Defendant acted arbitrarily, capriciously, maliciously and with reckless disregard for Plaintiff and accordingly Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CLAIM FOR RELIEF

### Negligent Misrepresentation

(AGAINST HOME DEPOT U.S.A. INC.;BERNARD POWERS; RUDY PERALTA; BRIAN KORHUMMEL; FRANK LOCOCO; WILLIAM PAYETTE; SHEILA. JORGENSON; SIKA DOE; RICHARD TIMM)

61. Plaintiff incorporates by reference all the previous paragraphs as if more fully set forth herein.

62. Defendant made the following statements in order to induce the Plaintiff to enter into the above contract:.

63. Home Depot made promises to induce Plaintiff to go to work and continue to work for Home Depot which Home Depot did not honor. Each of these representations were false. Each of these representations were false. These representations were made by various HD managers and district managers and continued to be made up to the time of Plaintiff's termination.

a. Plaintiff was told that certain procedures were in place which must be followed before an employee could be terminated. Plaintiff was told this by his managers and saw this practice in the business. He as an ASM could not terminate individuals without following procedures: counseling, verbal warnings, written warnings, etc.

b.Plaintiff was told verbally and in writing in the handbooks that Home Depot did not discriminated against its employees. This was false as Home Depot which was required to promote women before men because of previous years of discrimination against women. Plaintiff was not against qualified women and racial minorities from being promoted, but against reverse discrimination against himself. Defendants also discriminated against individuals over the age of 40.

1       c. Home Depot did not follow  procedures it represented that existed in the daily operations of

2  Home Depot (safety rules; due process for discipline rules; review of associates; payment for medical

3  leave; time payment of bonuses, etc).

4       d. Home depot represented that promotions were given; however, Home Depot promotions were

5  often based upon nepotism not performance; Plaintiff was originally hired in 1987 as an ASM, he was

6  promoted as a store manager for about 1.5 years and then demoted when he was 41. Plaintiff was

7  allowed to interview for a store manager position in the mid 1990s, when he was about 45 years old, and

8  was not offered the position, instead the position went to a less experienced female employee.  After

9  Plaintiff was 45 years old for the next 20 years of his employment with HD, Plaintiff was never offered

10  or allowed to interview for a promotion despite being told by other store managers that he should be a

11  store manager.

12       e. Home Depot established a corporate culture which encouraged improper and sometimes illegal

13  conduct in order to increase profits or establish relations that should not have been permitted (i.e. age

14  discrimination, overstating stock values, etc);

15       f. Home Depot represented that it would pay Plaintiff in accordance with state laws and

16  regulations.  Home Depot did not pay overtime amounts due to Plaintiff  in accordance with state and

17  federal rules, regulations and statutes.   Plaintiff was required to do hourly associate duties.

18       g. Home Depot represented that Plaintiff would receive 5 weeks of vacation per year after he

19  worked at HD for 20 years.  This was not true.  Plaintiff was not allowed to actually take his vacation

20  because when he went on vacation, he was improperly written up.  Additionally, when he went on

21  vacation there was no one available to do his job duties so his performance suffered.  In reality Plaintiff

22  was not allowed to take 5 weeks vacation per year because HD did not provide the support necessary

23  when Plaintiff was on vacation.

24       h. HD represented that Plaintiff would have certain job duties as an ASM.  The job duties were

25  false because Plaintiff was required to do hourly associate duties.   HD did not allow hourly associates to

26  work overtime except in extreme circumstances.  Plaintiff was required to do the leftover hourly

27  associates' work in order to get things done.   HD intentionally hired less hourly associates than what

28  was required to complete the work as a method to keep costs down.  HD would then required the

COMPLAINT FOR DAMAGES              -14-

1   salaried managers to do the hourly associate's work and avoid having to pay overtime.  Mr. Collins told

2   Plaintiff that Mr. Grooms instructed him to work 24 hours a day if it was necessary to get the work done.

3   Mr. Grooms justified this instruction by saying that Plaintiff was a salaried manager and therefore was

4   required to wok all the hours necessary to get the job done.

5       i. AMS, including Plaintiff, were often required to work 7 days a week and not paid double time;

6       j. Home Depot represented that the employee review process was fair.  That representation was

7   false as the "round table" was used as a means of justifying wrongful terminations or protecting certain

8   store managers from justifiably poor reviews.

9       k. The company set up budgets for monetary, reviews, etc., in advance of their true evaluations.

10  This resulted in wrongful terminations and incorrect management decisions being made based upon

11  artificial standards and untruthful determinations of associates and other employees work.

12      l. Moreover, HD failed to pay overtime/vacation to Mr. Haynes as is required by California and

13  Federal statutes.  Mr. Haynes was only acquiring vacation at 40 hours per week instead of 55+ hours per

14  week.  Mr. Haynes was working over 55 hours per week and was not compensated for the time over 40

15  hours that he worked.  Mr. Haynes was told that the extra hours would be paid in vacation time, stock,

16  and bonuses however this was false and Mr. Haynes was never compensated for the overtime hours.

17      64. The Defendant's representations were false.

18      65. Defendant made the representations intentionally in order to induce Plaintiff to enter into the

19  contract. These representations include, but are not limited to the following:

20      66. Plaintiff relied upon Defendant's statements in entering into the contract.

21      67. Plaintiff's reliance upon Defendant's misrepresentations was reasonable.

22      68. As a direct and proximate result of the Defendant's Fraudulent Misrepresentations, Plaintiff

23  has been, and will be in the future, prevented from earning maximum profits from his employment.  The

24  exact amount of the lost earnings and loss of future earnings is thus far undetermined and accordingly,

25  will be proven at the time of trial.  As a further proximate result of the fraudulent misrepresentations by

26  Defendant, Plaintiff has suffered physical and mental pain and suffering and will continue to suffer

27  therefrom in the future.

28      69. As a result of Defendant's improper conduct, Plaintiff has been damaged substantially in

1    excess of $100,000.00.

2        70. Plaintiff has retained an attorney in order to prosecute this action and accordingly, Plaintiff is

3    entitled to reasonable attorney fees and costs related thereto.

4        71. In committing the acts herein mentioned, Defendant acted arbitrarily, capriciously,

5    maliciously and with reckless disregard for Plaintiff and accordingly Plaintiff is entitled to punitive

6    damages in an amount to be determined at the time of trial.

7        **WHEREFORE,** Plaintiff prays for relief as set forth herein.

8

9                               **FIFTH CLAIM FOR RELIEF**

10                     **Claim for Wages under California Labor Code**

11                            **(Against Home Depot USA, Inc.)**

12        72. Plaintiff incorporates by reference all the previous paragraphs as if more fully set forth

13    herein.

14        73. Plaintiff worked 45-50 hrs. at least, sometimes over night. 10 hour shifts 5 days a week

15    sometimes 6 days a week.  Defendant misclassified Plaintiff as an exempt employee.

16        74. Under California's overtime pay laws, an employee is entitled to be paid overtime pay at a

17    rate of time and one half for: (1) each hour worked over eight in a single workday; (2) each hour worked

18    over forty in a single workweek, and (3) the first eight hours worked on the seventh day of work in any

19    workweek. California's overtime pay laws also require employers to pay employees who work in

20    California double time for: (1) each hour worked over twelve in a single day and (2) each hour worked

21    over eight on the seventh consecutive day of work in any given workweek. Employers who fail to adhere

22    to California's overtime pay laws can be assessed a number of penalties that will far exceed the actual

23    amount owed to any terminated employee seeking back overtime pay wages owed.

24        75. Pursuant to California Labor Code § 1194, "Notwithstanding any agreement to work for a

25    lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

26    compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the

27    full amount of this minimum wage or overtime compensation, including interest thereon, reasonable

28    attorney's fees, and costs of suit." See Lab. Code, § 1194

COMPLAINT FOR DAMAGES                           -16-

76. Plaintiff was required to pay a biweekly salary.   Defendant has refused to pay Plaintiff all the amounts due under California law.  Home Depot did not pay overtime and did not provide the required break periods.

77. As a result of Defendant's material breach of contract, Plaintiff has been substantially damaged in excess of $100,000.00.  The exact amount of these damages will be determined at trial.

78. Plaintiff has retained an attorney in order to prosecute this action and accordingly are entitled to reasonable attorney fees and costs related thereto.

· **WHEREFORE**, Plaintiff  Plaintiff prays for relief as set forth below:

### SIXTH CLAIM FOR RELIEF

**Wrongful Termination**

**(Against Home Depot USA, Inc.)**

79. Plaintiff incorporates by reference all the previous paragraphs of this complaint as if more fully set forth herein.

80. Plaintiff was hired by Defendant on February 2, 1987.  Plaintiff undertook and continued employment, and duly performed all the conditions of the employment agreement to be performed by the Plaintiff.  At the time of Plaintiff's termination, he was ready, willing, and able to perform all the conditions of the oral and implied employment agreement to be performed by the Plaintiff.

81. On February 12, 2013 Defendant breached the total employment agreement by terminating Plaintiff for false, pretextual and defamatory reasons in retaliation for his age, gender, association with those who are over forty, and engaging in a protected activity.

82. Plaintiff was not an at-will employee.   HD created procedures that were required to be followed before it could terminate an employee.  These procedures were not followed before the Plaintiff was terminated.

83. Plaintiff was wrongfully terminated in violation of FEHA.

84. Plaintiff incorporates by reference all the "breach allegations" contained in each of the above claims for relief as if more fully set forth herein.

85. As a direct and proximate result of Plaintiff's disclosure Plaintiff was wrongfully terminated.

86. Plaintiff is entitled to damages incident to his wrongful termination and in that regard has

COMPLAINT FOR DAMAGES                                    -17-

1  been damaged substantially in excess of $100,000.00.  The exact amount of damages will be determined

2  at trial.

3       87. Defendant  acted arbitrarily, capriciously and maliciously with reckless disregard for the

4  Plaintiff and accordingly the Plaintiff is entitled to punitive damages.

5       88. The Plaintiff  has retained an attorney in order to prosecute this action and accordingly is

6  entitled to reasonable attorney fees and costs related to the prosecution of the same.

7       **WHEREFORE,** Plaintiff  prays for relief as set forth below.

8                          **SEVENTH CLAIM FOR RELIEF**

9                        **Retaliation in Violation of FEHA**

10                       **(Against Home Depot USA, Inc.)**

11       89. Plaintiff, incorporates by reference all the allegations of this complaint as if more fully set

12  forth herein.

13       90. Plaintiff engaged in a protected activity by being over 40, being male, complaining about

14  false writeups and improper conduct including harassment that was occurring at the store which made

15  the store a hostile work environment. Throughout Plaintiff's employment,  Home Depot assured

16  employees through statements in the employee handbook and other means of communication that if they

17  took advantage of the company's open-door procedure to complain to management about their

18  supervisors, they would not be penalized.  However, Plaintiff was wrongfully terminated and falsely

19  written up after complaining about being targeted and false writeups.

20       91. The day before Plaintiff went on vacation, in February of 2013, Plaintiff's department head

21  Mr. Hamilton complained in a meeting about certain policies that were required by Mr. Grooms.  After

22  this meeting Mr. Collins told Plaintiff that he disliked Mr. Hamilton.  Upon information and belief

23  Plaintiff was retaliated against due to his department head's comments, which was against company

24  policy because HD cannot retaliate against employees for complaining about their supervisors.

25       92. Moreover, Plaintiff complained of having issues with his superiors in his review.  Shortly

26  thereafter he was terminated in retaliation for his complaints.

27       93. Plaintiff suffered an adverse employment action (false write ups and termination) after

28  complained to HD about the false writeups and hostile work environment.

94. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered severe and serious emotional distress, the specific amount of which will be determined at the time of trial.

95. As a result of Defendants' conduct, Plaintiff has been subjected to cruel and unjust hardship in conscious disregard of his legal rights. Plaintiff did not anticipate Defendants' wrongful conduct or the damages he actually sustained as a result of the same. As a result Plaintiff is entitled to current and future damages.

96. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered severe and serious emotional distress, this specific amount of damages will be determined at the time of trial.

97. The conduct of Defendants in harassing and retaliating against Mr. Haynes because of his opposition to the false writeups and harassment, subjected Mr. Haynes to cruel and unjust hardship in conscious disregard of Mr. Haynes's rights, as it was anticipated by Defendants, and each of them, that Mr. Haynes would suffer damages in the foreseeable future.

98. Plaintiff has obtained a right to sue letter from California's Department of Fair Employment and Housing. *See* Exhibit A. Plaintiff was not aware of the retaliatory conduct in violation of FEHA until more than one year after his termination. Plaintiff obtained his right to sue letter in compliance with the 90 day period pursuant to California Government Code section 12960(d)(1).

99. Upon information and belief, the Defendants' conduct was done with an intent to cause injury to Mr. Haynes. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Mr. Haynes is entitled to an award of punitive damages in a sum to be shown according to proof pursuant to California Government Code §§12965, 12970.

100. Mr. Haynes has incurred and continues to incur legal expenses and attorney fees which he is entitled to recover pursuant to California Government Code §12965.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

## EIGHTH CLAIM FOR RELIEF

**Failure to Prevent Discrimination and Retaliation in Violation of Gov't Code §12940(k) et. seq.**

**(Against Home Depot USA, Inc.)**

101. Plaintiff, incorporates by reference all the allegations of this complaint as if more fully set

1  forth herein.

2      102. Defendants failed to take immediate and appropriate corrective action to prevent and

3  remedy the harassment to which Plaintiff and other employees were subjected to, as set forth above.

4      103. As a direct and proximate result of Defendants' conduct. Plaintiff has sustained and

5  continues to suffer sever and serious emotional distress, the exact amount will be determined at trial.

6      104. The conduct of Defendants harassing Plaintiff because of his opposition to unlawful

7  activity, subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. The

8  Defendants anticipated such hardship and knew that Plaintiff would suffer damages.  As a consequence

9  of the aforesaid oppressive, malicious, and despicable conduct, Mr. Haynes is entitled to an award of

10  punitive damages in a sum to be shown according to proof pursuant to California Government Code

11  §§12965, 12970.

12      105. Plaintiff was not aware of the discriminatory and retaliatory conduct in violation of FEHA

13  until more than one year after his termination.  Plaintiff obtained his right to sue letter in compliance

14  with the 90 day period pursuant to California Government Code section 12960(d)(1).

15      106. Mr. Haynes has incurred and continues to incur legal expenses and attorney fees which he is

16  entitled to recover pursuant to California Government Code §12965.

17  **WHEREFORE,** Plaintiffs pray for relief as set forth below.

18                  **NINTH CLAIM FOR RELIEF**

19              **Age Discrimination in Violation of the FEHA**

20                  **(Against Home Depot USA, Inc.)**

21      107.   Plaintiff, incorporates by reference all the allegations of this complaint as if more fully set

22  forth herein.

23      108. Cal. Gov't Code § 12941 prohibits age discrimination in the workplace.

24      109. At the time Mr. Haynes was terminated he was 62 years old, he was satisfactorily

25  performing his job and had been satisfactorily performing his job for 26 years.  Mr. Haynes was

26  terminated because of his age, and because of his gender.  Mr. Haynes was replaced by a younger

27  employee.

28      110. Home Depot had a policy to terminate older employees.  Mr. Haynes visited the Santee store

COMPLAINT FOR DAMAGES                    -20-

1  after his termination and the older employees had been replaced by younger employees.  The employees

2  that took over Plaintiff's job were paid substantially less then he was paid.  During the time Plaintiff

3  worked for HD, he was regularly told that he was one of the higher paid managers.  Plaintiff has

4  knowledge of other store and assistant store managers at HD who were over forty years of age and

5  terminated.  Such employees include but are not limited to the following: Lex Housh, Dave Diaz, Bill

6  Gans, Michael Ingrande, Tammy Aimes, Don McCaskill, and Scott Simon.  It was not until more than a

7  year after my termination that I realized the connection and discovered that I was discriminated against

8  and retaliated against.

9       111. As a direct and proximate result of Defendants' conduct.  Plaintiff has sustained and

10  continues to suffer sever and serious emotional distress, the exact amount will be determined at trial.

11       112. The conduct of Defendants discrimination against the Plaintiff due to his age, subjected

12  Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  The Defendants

13  anticipated such hardship and knew that Plaintiff would suffer damages.  As a consequence of the

14  aforesaid oppressive, malicious, and despicable conduct, Mr. Haynes is entitled to an award of punitive

15  damages in a sum to be shown according to proof pursuant to California Government Code §§12965,

16  12970.

17       113. Plaintiff was not aware of the discriminatory conduct in violation of FEHA until more than

18  one year after his termination.  Plaintiff obtained his right to sue letter in compliance with the 90 day

19  period pursuant to California Government Code section 12960(d)(1).

20       114. Mr. Haynes has incurred and continues to incur legal expenses and attorney fees which he is

21  entitled to recover pursuant to California Government Code §12965.

22  **WHEREFORE,** Plaintiffs pray for relief as set forth below

23                          **TENTH CLAIM FOR RELIEF**

24       **Gender Discrimination in Violation of FEHA and the Unruh Civil Rights Act**

25                          **(Against Home Depot USA, Inc.)**

26       115. Plaintiff, incorporates by reference all the allegations of this complaint as if more fully set

27  forth herein.

28       116. Plaintiff is a male.  Plaintiff was wrongfully terminated in violation of the FEHA due in part

COMPLAINT FOR DAMAGES                    -21-

1    to his being male.

2        117. As a direct and proximate result of Defendants' conduct. Plaintiff has sustained and

3    continues to suffer sever and serious emotional distress, the exact amount will be determined at trial.

4        118. The conduct of Defendants discrimination against the Plaintiff due to his age, subjected

5    Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  The Defendants

6    anticipated such hardship and knew that Plaintiff would suffer damages.  As a consequence of the

7    aforesaid oppressive, malicious, and despicable conduct, Mr. Haynes is entitled to an award of punitive

8    damages in a sum to be shown according to proof pursuant to California Government Code §§12965,

9    12970.

10       119. Plaintiff was not aware of the discriminatory conduct in violation of FEHA until more than

11   one year after his termination.  Plaintiff obtained his right to sue letter in compliance with the 90 day

12   period pursuant to California Government Code section 12960(d)(1).

13       120. Mr. Haynes has incurred and continues to incur legal expenses and attorney fees which he is

14   entitled to recover pursuant to California Government Code §12965.

15   **WHEREFORE**, Plaintiffs pray for relief as set forth below

16                      **ELEVENTH CLAIM FOR RELIEF**

17             **Wrongful Termination (Public Policy Violation)**

18                 **(Against Home Depot USA, Inc.)**

19       121. Plaintiff  incorporates by reference all the previous paragraphs of this complaint as if more

20   fully set forth herein.

21       122. Plaintiff was hired by Defendant on February 2, 1987.  Plaintiff undertook and continued

22   employment, and duly performed all the conditions of the employment agreement to be performed by the

23   Plaintiff.  At the time of Plaintiff's termination, he was ready, willing, and able to perform all the

24   conditions of the oral and implied employment agreement to be performed by the Plaintiff.

25       123. Plaintiff was not an at-will employee.   HD created procedures that were required to be

26   followed before it could terminate an employee.  These procedures were not followed before the Plaintiff

27   was terminated.

28       124. On February 12, 2013 Defendant illegally terminated Plaintiff from his employment because

1  of Plaintiff's age, gender, association with those over 40, and engagement in a protected activity.  This

2  termination is in violation of public policy expressed in California Gov't Code §12900 et. seq.

3        125. Plaintiff  was wrongfully terminated in violation of FEHA.

4        126. Plaintiff incorporates by reference all the "breach allegations" contained in each of the

5  above claims for relief as if more fully set forth herein.

6        127. As a direct and proximate result of this wrongful termination in violation of public policy,

7  Plaintiff was caused to suffer and continues to suffer from humiliation, anxiety, severe emotional

8  distress, worry, fear, and special damages (including lost wages) all according to proof at the time fo

9  trial.

10       128. Plaintiff  is entitled to damages incident to his wrongful termination and in that regard has

11  been damaged substantially in excess of $100,000.00.  The exact amount of damages will be determined

12  at trial.

13       129. Defendant  acted arbitrarily, capriciously and maliciously with reckless disregard for the

14  Plaintiff and accordingly the Plaintiff is entitled to punitive damages.

15       130. All actions of Defendant Employer, Defendants, their employees and agents, and each of

16  them as herein alleged, were known, ratified and approved by the officers or managing agents of

17  Defendant Employer, Defendants, and each of them. Therefore, Plaintiff is entitled to punitive or

18  exemplary damages against the Defendant Employer, in an amount to be determined at the time of trial.

19       131. The Plaintiff  has retained an attorney in order to prosecute this action and accordingly is

20  entitled to reasonable attorney fees and costs related to the prosecution of the same.

21       **WHEREFORE**, Plaintiff prays for relief as set forth below.

22                      **TWELFTH CLAIM FOR RELIEF**

23              **Intentional Infliction of Emotional Distress**

24                      **(Against All Defendants)**

25       132. Plaintiff  incorporates by reference all the previous paragraphs of this complaint as if more

26  fully set forth herein.

27       133. The conduct complained of herein above was outside the conduct expected to exist in the

28  workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer

COMPLAINT FOR DAMAGES                     -23-

1  humiliation, mental anguish, and emotional and physical distress. Defendant in confirming and ratifying
2  the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress
3  would thereby increase, and was done with a wanton and reckless disregard of the consequences to
4  Plaintiff.

5       134. As a proximate result of Defendant's intentional infliction of emotional distress as herein
6  above alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and
7  emotional and physical distress, and has been injured in mind and health. As a result of said distress and
8  consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of
9  trial.

10       135. Defendant engaging in the conduct as herein above alleged, acted  fraudulently, maliciously,
11  oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to
12  an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful
13  conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy
14  the situation and thereby acted fraudulently, maliciously, oppressively and with reckless disregard of
15  Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

16       WHEREFORE, Plaintiff requests relief as hereinafter provided.

17  **THIRTEENTH CLAIM FOR RELIEF**
18  **Negligent Infliction of Emotional Distress**
19  **(Against All Defendants)**

20       136. Plaintiff  incorporates by reference all the previous paragraphs of this complaint as if more
21  fully set forth herein.

22       137. In the alternative, if said conduct of Defendant and of its agents and  employees was not
23  intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent
24  infliction of emotional distress.

25       WHEREFORE, Plaintiff requests relief as hereinafter provided.

26
27  **Prayer for Relief**
28       With respect to the preceding claims for relief, Plaintiff prays for relief as set forth below:

COMPLAINT FOR DAMAGES                                                   -24-

1      1. That Defendant be ordered to pay to Plaintiff a sum in excess of $100,000.00, the exact

2  amount of which will be proven at the time of trial;

3      2. That Defendant be ordered to pay to Plaintiff a sum, the exact amount of which will be

4  proven at the time of trial, for Plaintiff's lost earnings, both past and future;

5      3. That Defendant be ordered to pay Plaintiff a sum in excess of $100,000.00, the exact amount

6  of which will be proven at the time of trial, for Plaintiff's physical and mental pain, and for Plaintiff's

7  personal property damage;

8      4. That Plaintiff be awarded exemplary damages, as permitted by law, as a result of Defendant

9  willful and wanton misconduct in a sum in excess of $100,000.00;

10      5. That Plaintiff be awarded the attorney's fees and court costs that Plaintiff incurred in the

11  prosecution of this Complaint; and

12      6. Such other and further relief as the court may deem just and equitable in the premises.

13

14

15                     Dated this 12th day of February, 2015

16

17                    By

18                    Mirch Law Firm LLP
                      750 B. St., Suite 2500

19                    San Diego, CA 92101
                      Kevin J. Mirch, Bar No. 106973

20                    Marie C. Mirch, Bar No. 200833
                      Erin E. Hanson, Bar No. 272813

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES          -25-

# **Exhibit A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684  I Videophone 916-226-5285  I TTY  800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Apr 11, 2014

Carl Haynes
750 B. St., Ste 2500
San Diego, CA 92101

RE:  **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 237382-100684-R
       Right to Sue: Haynes / Home Depot USA, Inc., Service Agent-CSC Lawyers Incor

Dear Carl Haynes:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment
and Housing (DFEH) has been closed effective Apr 11, 2014 because an immediate Right to Sue notice was
requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a
civil action may be brought under the provisions of the Fair Employment and Housing Act against the person,
employer, labor organization or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision
(EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of
the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc:  Home Depot USA, Inc. Service Agent-Corporation Servi  The Home Depot, Inc
     Service Agent-Corporation Servi  The Home Depot, Inc
     Jeff Grooms Home Depot
     Chris Collins Home Depot