Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletreedeakins.com
James T. Conley CA Bar No. 224174
james.conley@ogletreedeakins.com
Ian G. Robertson CA Bar No. 283151
ian.robertson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HAYNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., DOES 1-10,<br><br>　　　　Defendants. | Case No. 15-CV-01038-CAB-JLB<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Objections to Plaintiff's Exhibits iso Opposition; Reply iso Request for Judicial Notice; Response to Plaintiff's Objections to Defendant's Exhibits iso Motion for Summary Judgment; Reply Declaration of James T. Conley; Notice of Lodging Hardcopies of Exhibit C to Declaration of James T. Conley; and Objections to Declarations (9) Filed by Plaintiff iso Opposition]*<br><br>Date:　　　　　　March 30, 2016<br>Courtroom:　　　　4C<br><br>First Amended Complaint Filed:　　May 27, 2015<br><br>Trial Date:　　　　None<br><br>PER STANDING ORDERS—NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

**TO PLAINTIFF CARL HAYNES AND TO HIS COUNSEL OF RECORD:** Defendant Home Depot U.S.A., Inc. ("Home Depot") submits the following Reply to Plaintiff's Opposition to Home Depot's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Opposition"), as follows:

### A. Haynes FEHA Claims Are Timed Out

Haynes argues the deadline to exhaust his administrative remedies on his Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action should be extended by ninety (90) days pursuant to Cal. Gov't. Code § 12965(d)(1) because he did not obtain <u>knowledge of the facts</u> engendering his claim until more than one year had passed. This is blatantly false. Haynes repeatedly testified during his deposition that even prior to his termination, he believed the reason he was being written up "had to be" age related. (Pl. Dep. 146:4-8, 151:11-18, 160:9-20, 213:18-216:10). Plaintiff had knowledge of the facts well within the one year deadline. (Pl. Dep. 407:20-409:4, Exh. 34). Accordingly, the ninety (90) day extension does not apply, and Plaintiff's FEHA claims are time-barred. (Pl. Dep. 407:20-409:4, Exh. 34).

### B. Haynes' Retaliation and Discrimination Claims Fail

#### 1. There Is Not a Shred of Direct Evidence

Plaintiff's opposition is utterly devoid of any direct evidence of discrimination, such as derogatory comments or unlawful activity.[1][2] Instead, Haynes readily admits that, while he did not get along with his supervisors, he had no direct evidence of

---

[1] The Sixth and Tenth Causes of Action for Wrongful Termination should be dismissed automatically for the reasons set forth above and incorporated by necessity herewith. *Artega v. Brink's, Inc.*, 163 Cal. App. 4th 327, 355 (2008); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999); *Johnson v. Hertz Local Edition Corp.*, 2004 WL 2496164, *6 (N.D. Cal. Nov. 3, 2004).

[2] Because Haynes' claims of discrimination and retaliation fail so does the Eight Cause of Action. *Trujillo v. North Co. Transit Dist.*, 63 Cal. App. 4th 280, 288-89 (1998). In his Opposition, Haynes also does not assert or offer any evidence that Home Depot's undisputed policies were insufficient to prevent unlawful conduct. Accordingly, this claim is meritless. *Beckwith v. Wal-Mart Stores, Inc.*, 20 Fed. Appx. 601, 602 (9th Cir. Cal. 2001).

1
Case No. 15-CV-01038-CAB-JLB
HOME DEPOT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

discriminatory or retaliatory animus: "***Haynes explained in his deposition and declaration attached hereto that he did not think Mr. Collins was discriminating against him due to his age***." (Opp. 9:20-23). Instead, Plaintiff's opposition only identifies neutral comments suggesting a personality dispute, and admits there is no basis to believe they are evidence of improper animus: "Collins said Haynes was a 'target of Jeff Grooms,' 'You just piss me off all the time,' 'I am not going to write you up but we have enough to terminate you,' and it's 'probably the last night before [Haynes] would be terminated.' ***Collins never explained the basis for these remarks***." (Opp. 1:13-21 (emphasis added)). Haynes also claims "Grooms' agenda was to clean house," but never offers any evidence "why" Grooms had this agenda.[3] (*See* Opp. 1:22-2:1). Finally, Haynes states "Grooms was an unreasonable manager and had unreasonable expectations for managers." (Opp. 12:10-11). But maintaining high standards, of course, fails to serve as evidence of unlawful animus.

Nonetheless, Haynes goes on to attempt to offer fallaciously circumstantial "evidence". To this end, Haynes offers a declaration under penalty of perjury from Janet Wheeler, a former Home Depot Store Manager about Haynes being "falsely" written up for "false" performance issues. (Wheeler Decl. ¶¶ 3, 7, 8, 10). Notably, Wheeler was last Haynes' supervisor in 2005 and is a plaintiff, also represented by the Mirch Law Firm, in a currently pending matter against Home Depot before this court, Case No. 15-CV-2236-CAB-RBB.

---

[3] Haynes baldly asserts that Grooms' agenda to clean house adversely impacted older employees in violation of California Government Code § 12941. To avoid summary judgment on that claim, Plaintiff must show that the use of salary as the basis for differentiating between employees when terminating employment adversely impacts older workers as a group. Cal. Gov't Code § 12941. Other than his own conclusory declaration and those other declarations of Mirch Law Firm current/former Plaintiffs, which are polluted by the same wistful rumination of grandiose conspiracy theories that have no foundation in any admissible evidence. Haynes has submitted not a shred of evidence that Grooms' district wide terminations occurred because of their salary or for that matter, or that salary played any role in the decision regarding which employees in District 199 would be terminated. It is quite enlightening that ***Haynes never took a single deposition in this matter***, including that of Grooms or Collins. *See* objections to evidence filed herewith.

In Wheeler's March 11, 2016 deposition in her case against Home Depot, she was presented with her declaration in support of opposition to Home Depot's Motion for Summary Judgment in another matter *Housh v. Home Depot*, executed on December 2, 2015. (*See* Conley Reply Decl., Deposition of Wheeler 95:24-97:25, Exh. 8). Wheeler was asked about the veracity of the sentence in her Declaration in *Housh*: "Home Depot created a hostile work environment and allowed its employees to be falsely written up to create a false disciplinary file and 'justify' wrongful terminations." (Wheeler Dep. 95:24-97:25, 98:17-100:11, 102:19-23, Exh. 8 at ¶ 4). **Wheeler testified that the word "falsely" should be stricken from her declaration because the sentence as written was false.** (*Id*. at 95:24-97:25, 98:17-100:11, 102:19-23, Exh. 8). Wheeler then went on to testify that it was ***not true that ASMs were falsely written up for things that did not occur***. (*Id*.) In fact, Wheeler expressly denied that the documented performance issues were "false" or "fabricated." (*Id*.)

Despite defending Wheeler's deposition, five days later the Mirch Law Firm submitted Wheeler's declaration in this action, maintaining the same untrue language in a verbatim assertion that Haynes was "falsely" written up. (Wheeler Decl. ¶¶ 3, 7, 8, 10). Home Depot respectfully submits this Court has the discretion to consider whether Wheeler's declaration offered in Opposition herein should be stricken and other appropriate sanctions should issue under Rule 11 as it indisputably contains false assertions under penalty of perjury.[4]

Ultimately, Haynes never saw any documents regarding a policy to terminate older workers at Home Depot or heard anyone discussing one; he only could point to the fact that Home Depot demanded more out of its experienced and higher paid workers. (Pl. Dep. 206:20-207:12). In sum, there is absolutely no evidence—

---

[4] Home Depot served a "safe harbor" letter under Rule 11 on March 23, 2016 that demanded that the declaration of Wheeler facts detailed above be retracted from support of the Opposition in this matter or it would have no choice but to file a motion under Rule 11. (Conley Reply Decl. ¶ 9).

admissible or otherwise—of age based comments, causal nexus to any protected activity, or any alleged unlawful activity under FEHA.

## 2. Haynes' Conflation of Numerical "Data" Is Meaningless

California and federal courts have consistently found that complaints by other employees are irrelevant to a plaintiff's claim for discrimination, harassment or retaliation, as the plaintiff's burden is to demonstrate disparate treatment as to him personally - not to others. *Guz v. Bechtel National*, *Inc.*, 24 Cal. 4th 317, 356 (2000). Neither can raw statistics prove discrimination—there is an unlimited universe of reasons for a person(s)' termination. Accordingly, statistical evidence, by itself "will rarely suffice" to show pretext. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1115 (2007). Plaintiff nonetheless attempts to establish a claim for disparate impact discrimination through the declaration of his counsel Erin Hanson. This fails for a multitude of reasons.

As an initial threshold matter, "[i]n opposing a motion for summary judgment a party may not rely on evidence produced after the close of discovery." *Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1079 (D. Ariz. 2002) (citing Fed. R. Civ. P. 37(c)); *see also Perfect 10, Inc. v. Google, Inc.*, 2010 WL 9479059, at *5 (C.D. Cal. 2010); *Wolk v. Green*, 2008 WL 298757, *3 (N.D. Cal. 2008).[5] But assuming *arguendo* this Court overlooks this document being offered/disclosed/designated after the close of discovery on February 19, 2016 and somehow finds the interrogatory responses in the *Gans* case on ASMs in district 199 are admissible,

---

[5] Indeed, documents and witnesses not timely disclosed during discovery should be stricken. Fed. R. Civ. P. 26, 33, 37; *see, also Guang Dong Light Headgear Factory*, 2008 WL 53665, *1 (D. Kan. 2008) (granting motion to strike summary judgment affidavit because witness identity and testimony not properly disclosed during discovery). This Court ordered the close of discovery on February 19, 2016. [Doc. No 32]. For the first time, in a supplemental disclosure dated February 29, 2016— weeks after the close of discovery—Plaintiff revealed he might rely on documents from other litigation including raw numbers in discovery responses, thousands of pages of documents, other entire case files, deposition transcripts, and new witnesses. (Conley Reply Decl. ¶¶ 1-6, Exh. A-C). This late-disclosed document may not be considered for purposes of this summary judgment motion. *See also* objections to evidence filed herewith.

these figures do little to support Plaintiff's case, as they are statistically irrelevant.

*First,* Haynes' statistical evidence is not determinative of age; instead, Plaintiff only provides the *hire dates* of ASMs, with no indication of any individual's *birth date,* or age at the time of hiring or firing. Other than three former employees who have provided incredibly conclusory and inadmissible declarations, Plaintiff cannot establish that any individual was over or under the age of forty (40) at the time of termination.

*Second,* Haynes provides no information regarding the methodology of determining the make-up of the pool, and worse, no information about the biographical characteristics of the pool as a whole, rending Haynes' statistical evidence of dubious reliance. *See generally, Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 650-51, (1989); *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 308 (1977) (holding appropriate comparison was between the racial composition of the qualified public school teachers in the relevant labor market and the racial composition of the school's teaching staff); *see Waisome v. Port Authority*, 948 F.2d 1370, 1372 (2d Cir. 1991) (appropriate comparison is between the composition of candidates seeking promotion and the composition of those actually promoted). If, for instance, ninety percent (90%) of the pool of ASMs was over the age of forty (40), then it would be expected that 90% of terminated ASMs would be over the age of 40. *Likewise,* Plaintiff provides no information regarding the *salary, age, or termination reason* of any particular employee. In order for Plaintiff to maintain even his vague claim that employees over the age of 40 were terminated, Plaintiff would have to show that ASMs over the age of 40 were paid more versus ASMs under the age of 40. He does not do so.

*Third,* Plaintiff identifies no common policy that was disproportionately enforced against employees over forty to result in their termination. He provides no information regarding the circumstances surrounding why any employee is no longer employed. Therefore, there is no evidence of any commonality—especially motive.

*Fourth,* Haynes' statistical "evidence" of 17 terminations over a four year period is based on a statistically insufficient sample size. *See, e.g.*, *Contreras v. City of Los Angeles*, 656 F.2d 1267, 1272-73 (9th Cir.1981) (discounting probative value of statistical sample consisting of 57 test-takers, 17 of whom belonged in the plaintiffs' protected class); *Fallis v. Kerr-McGee Corp.* 944 F.2d 743, 745-46 (10th Cir. 1991)(showing that a greater percentage of over-40 than under-40 workers were laid off is nonprobative because the relevant sample, 51 employees, was too small for reliability); *Sengupta v. Morrison-Knudson Co., Inc.*, 804 F.2d 1072, 1076 (9th Cir. 1986) (showing that, among 28 employees, four of five laid off were Black did not establish prima facie case; statistical sample too small).

Ultimately, Haynes has not designated an expert to show a disparate impact and such time is past. In short, there is simply no way to verify whether Haynes and Hanson's statistics are accurate—or even admissible. Putting aside what the statistical "data" Haynes/Hanson offer did not include, no statistics based on a simple analysis of the makeup of a group of employees has ever been held to be sufficient evidence of discrimination. *See Frank v. County of Los Angeles*, 149 Cal. App. 4th 805, 819-823 (2007). Haynes' proof must raise questions as to the veracity of the reasons Home Depot gave for not retaining Haynes specifically. *Coleman v. Quaker Oats*, 232 F.3d 1271, 1283 (9th Cir. 2000); *Penk v. Oregon State Board of Higher Education*, 816 F.2d 458, 462 (9th Cir. 1987). Because Haynes analysis cannot take into account any of the above-described factors pertinent to him, the *Gans* Interrogatory responses should be excluded from Haynes' Opposition as they cannot be admissible evidence of anything—let alone pretext.

### 3. Haynes Cannot Overcome Home Depot's Legitimate Reasons

In stark contrast, Home Depot had legitimate, non-discriminatory reasons for terminating Haynes after it followed its policy of progressive discipline and Standards of Performance, which Haynes could not or was unwilling to follow. Collins Decl. ¶¶ 1-25, Exhs. A-T; Grooms Decl. ¶¶ 1-17, Exhs. A-D; *Guz v. Bechtel*

*Nat. Inc.*, 24 Cal. 4th at 356. Haynes' performance was inadequate, terminally frustrating to management, and he was contrarian to Home Depot policy/directives. (*Id.*)  Simply put, Haynes cannot show the required weakness, implausibilities, inconsistencies, incoherencies, or contradictions in Home Depot's proffered legitimate non-discriminatory reasons for any adverse employment such that they could be found unworthy of credence. *See Hersant, supra*, 57 Cal. App. 4th at 1005.

### C. Haynes' Contract Claims Fail

Haynes unequivocally testified at his deposition that he did not have any employment contract.  Now, the Opposition appears to indicate that his contract claim is based on a video presentation on the Standards of Performance in 2011. *First,* this is inadmissible, as these materials **were disclosed after discovery closed and after Home Depot took Haynes.**  This gamesmanship is subject to the relief sought in footnote 5 *supra*.  *Second,* and more importantly, the Standards of Performance explicitly provided that Haynes' employment was at-will, and expressly indicated associates such as Haynes could be terminated for poor performance. Finally, *Rifkind* cannot save Haynes from volunteering in his deposition that he was not under a contract.  This admission was not in response to a contention questions asking him whether or not he was subject to a contract. Thus, none of the *Foley* factors need to be analyzed in this scenario.  And even if they did, Haynes provides no evidence or argument that they would militate in favor of finding an implied-in-fact contact.  Finally, even if Haynes *did* have a contract not to be terminated without good cause, he cannot dispute that Home Depot's reasonable belief that Haynes' poor performance constituted good cause for his termination. *See Cotran v. Rollins*, 17 Cal. 4th 93,109 (1998).

### D. Haynes' Misrepresentation Causes of Action Both Fail

Haynes argues that Home Depot has failed to address *every* purported misrepresentation, because Haynes has integrated all of the allegations of the FAC into his opposition. According to Haynes, *somewhere* in this material must be some

statement which constitutes a misrepresentation that precludes summary judgment. Not so. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* (emphasis in original omitted). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). At deposition, Haynes could not articulate the terms of any specific promise(s) made to him except regarding vacation. (Pl. Dep. 421:6-424:13). When pressed in his deposition, Haynes could not come up with any calculations that he was owed anything in stock, wages, or vacation. (Pl. Dep. 283:10-287:25, 429:21-430:24, 441:8-448:6, 452:20-460:25, Exhs. 9, 36, 38-40; Grooms Decl. ¶ 16, Exh. D). These can hardly be held as false misrepresentation.

In fact, Haynes sets forth no authority or argument whatsoever disputing Home Depot's contention that each of the purported misrepresentations identified are either too vague to be actionable or are merely predictions about the future. Similarly, Haynes sets forth no admissible evidence demonstrating that he reasonably relied on any of the purported misrepresentation. Neither does Haynes set forth authority contravening the clear rule that an employee cannot reasonably rely on representations in the employment context when an employee is informed he is at-will, or learns of facts revealing facts different than a purported misrepresentation.

### E. Haynes' Fifth Cause Of Action for Misclassification/Wages Fails

Other than the conclusory and unsupported allegations made by Haynes in this lawsuit, there is literally nothing to suggest that Home Depot misclassified Haynes as an exempt employee. "Conclusory allegations unsupported by factual data will not create a triable issue of fact." *Marks v. United States*, 578 F.2d 261, 263 (9th

1 Cir. 1978). On the other hand, Haynes' deposition record that he spent over 50% of his time on exempt duties. While Haynes says that he never received the ASM job description for the ASM position shows that Home Depot expects ASMs to be primarily engaged in exempt duties and responsibilities, he never took the deposition of Grooms or Collins, and their declarations on exempt duty expectations are unequivocal. Instead, Haynes declares in support of his Opposition that he spent his day, for example, moving around "Christmas Trees"; no matter the season. Ultimately, Haynes cannot dispute the ASM job description's validity or these manager's reasonable expectations that Haynes do his job with managerial discretion and judgment. Accordingly, Haynes fails to show that there is any genuine issue of material fact with respect to his misclassification claims. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (summary judgment motion "cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). Even assuming *arguendo* that Plaintiff spent more than half his time performing non-exempt duties and responsibilities, this would have been in contradiction to the reasonable expectations of Home Depot as evidenced by the declarations of Collins, Grooms, and the ASM job description.

### F.     Haynes' Emotional Distress Claims Fail As A Matter Of Law

As a matter of law, the personnel management decisions Haynes points to in his Opposition cannot form the basis of an IIED claim, since such decisions do not fall outside the bounds of human decency. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996); *Alcorn v. Anbro Engineering, Inc*., 2 Cal. 3d 493, 499, fn 5 (1970); *Cervantez v. J.C. Penney Co*., 24 Cal. 3d 579, 593 (1979).[6] Nonetheless, the

---

[6] Furthermore, Haynes' claims for intentional and negligent infliction of emotional distress fail as a matter of law because any distress caused by an employer's conduct is precluded by the Workers' Compensation Act. *See* LAB. CODE §§ 3200 *et seq*., 3600, 3602(a), 5300; *Cole v. Fair Oaks Fair Prot. Dist*., 43 Cal. 3d 148, 159-160 (1987); *Livitsanos v. Super. Ct*., 2 Cal. 4th 744, 754 (1992); *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990); *Coit Drapery Cleaners, Inc. v. Sequoia Insurance Co*., 14 Cal. App. 4th 1595 (1993). **Haynes did not even address this in his Opposition, thus preclusion must be granted**. *Id*. Nor did Haynes address that NEID is not a valid cause of action which must thus be dismissed.

professionally untreated symptoms allegedly sustained by Haynes of sleeplessness and anxiety of being unemployed constitute nothing more than "garden variety" emotional distress, which cannot support a claim for intentional infliction of emotional distress as a matter of law. *See Michaelian v. State Compensation Ins. Fund*, 50 Cal. App. 4th 1093, 1112 (1996).

### G. Punitive Damages Fail As A Matter Of Law

*Haynes does not offer any requisite argument, evidence, or even mention in his Opposition that any managing agent was involved in anything in this matter*. CIV. CODE, § 3294(b); *Kelly-Zurian v. Wohl Shoe Co.,* 22 Cal. App. 4th 397, 420-21 (1994); *Real v. Continental Group, Inc*., 627 F. Supp. 434, 448-49 (N.D. Cal. 1986); *Mathieu v. Norrell Corp*., 115 Cal. App. 4th 1174 (2004); *White v. Ultramar,* 21 Cal. 4th 563, 575 (1999).  His failure to do so is fatal to his claim for punitive damages. On the other hand, in Haynes' deposition, he admitted that no one at Home Depot acted maliciously toward him, including Collins and Grooms.  (Pl. Dep. 418:17-420:5).  Therefore Haynes lacks any evidence of any degree of discriminatory animus, let alone clear and convincing evidence of oppression, fraud or malice by an officer, director or managing agent of Home Depot.  Collins Decl. ¶¶ 1-26, Exhs. A-T; Grooms Decl. ¶¶ 1-18, Exhs. A-D; *Waits v. Frito–Lay, Inc.,* 978 F.2d 1093 (9th Cir. 1992); *Harbison v. Am. Motorists Ins. Co.,* 636 F. Supp. 2d 1030, 1044 (E.D. Cal. 2009).

## II. CONCLUSION

For the foregoing reasons, Home Depot's motion for summary judgment, or, in the alternative, partial summary judgment, should be granted in its entirety.

DATED:  March 23, 2016  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ James T. Conley
James T. Conley
Attorneys for Defendant HOME DEPOT U.S.A., INC.