UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MURPH,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | Case No.:  15-CV-1037-CAB-JLB<br><br>**ORDER OF SANCTIONS AGAINST THE MIRCH LAW FIRM**<br><br>[Doc. No. 47] |
| CARL HAYNES,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | Case No.:  15-CV-1038-CAB-JLB<br><br>**ORDER OF SANCTIONS AGAINST THE MIRCH LAW FIRM**<br><br>[Doc. No. 44] |

   These matters are before the Court on Defendant Home Depot U.S.A., Inc.'s identical motions for sanctions, and the Court's orders to show cause concerning the papers Plaintiffs' counsel filed in opposition to Home Depot's summary judgment motions in each case.  For the reasons set forth below, Home Depot's motions are granted, and the Court sanctions the Mirch Law Firm pursuant to the Court's inherent power.

## I. Background

### A. Plaintiff's Allegations

Murph and Haynes were both Assistant Store Managers ("ASMs") for Home Depot, most recently at Home Depot's Santee, California, location. Home Depot fired Haynes on February 12, 2013. Murph resigned on February 18, 2013.

On February 12, 2015, exactly two years after Haynes was fired, the Mirch Law Firm filed a complaint on his behalf in San Diego County Superior Court. Following removal to this Court, the Mirch Law Firm filed a first amended complaint (the "Haynes FAC") that asserted twelve claims: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) "fraudulent misrepresentation/false promises"; (4) negligent misrepresentation; (5) "claim for wages under California Labor Code"; (6) wrongful termination; (7) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (8) failure to prevent discrimination and retaliation; (9) age discrimination; (10) "wrongful termination (public policy violation)"; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress. Relevant here, the Haynes FAC repeatedly alleged that Home Depot "falsely" wrote Haynes up. [15cv1038 Doc. No. 5 at ¶¶ 13, 28c, 91, 96, 100.]

On February 18, 2015, exactly two years after Murph resigned, the Mirch Law Firm filed a complaint on his behalf in San Diego County Superior Court. Following removal, the Mirch Law Firm filed a first amended complaint (the "Murph FAC") that asserted eleven claims: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) "fraudulent misrepresentation/false promises"; (4) negligent misrepresentation; (5) "claim for wages under California Labor Code"; (6) constructive discharge in violation of public policy; (7) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (8) failure to prevent discrimination and retaliation; (9) gender discrimination; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress. The Murph FAC contains many similar allegations as the Haynes FAC, including that Home Depot allegedly "falsely" wrote Murph up. [15cv1037 Doc. No. 5 at

¶¶ 7, 18, 32a, 32c, 32d, 68c, 101.][1]

### B. Plaintiffs' Oppositions to Summary Judgment

Home Depot moved for summary judgment in the Haynes Lawsuit on March 2, 2016, and in the Murph Lawsuit on March 3, 2016. The Mirch Law Firm filed an opposition on behalf of Haynes on March 16, 2016, and an opposition on behalf of Murph on March 17, 2016. Both motions sought summary judgment on all claims on various grounds.

In both cases, the Mirch Law Firm opposed the motions in their entirety despite lacking any evidence to support most of their client's claims. As a result, the Court granted summary judgment for Home Depot on all of Haynes's claims, and on all of Murph's claims aside from his claim for unpaid wages. The utter lack of evidence cited in the Mirch Law Firm's opposition papers on behalf of Murph led the Court to remark that "it is hard to imagine more frivolous claims based on purported retaliation and gender discrimination that those asserted in this lawsuit." In its order granting summary judgment in the Haynes lawsuit, the Court noted that Haynes's discrimination and retaliation claims were made only nominally less frivolous than Murph's by virtue of the fact that Home Depot terminated Haynes's employment when Haynes was 62 years-old, whereas Murph resigned from his position when he was under 40 years-old. The complete lack of evidentiary support for Haynes's and Murph's claims is discussed in detail in the Court's orders granting summary judgment and will not be repeated here. [15cv 1037 Doc. No. 48; 15cv1038 Doc. No. 45.]

Shortly after issuing its summary judgment orders, the Court ordered the Mirch Law Firm to show cause why the Court should not order sanctions based on the papers the firm filed in opposition to Home Depot's summary judgment motions. [15cv 1037 Doc. No.

---

[1] Although the cases were originally assigned to other judges in this Court, both lawsuits were subsequently transferred to the undersigned as related to third lawsuit filed by the Mirch Law Firm on behalf of another Home Depot employee that was already pending before the undersigned. That first case, *Gans v. Home Depot U.S.A., Inc.*, No. 15-CV-393-CAB(JLB), settled before any summary judgment ruling and was dismissed on April 5, 2016.

50; 15cv1038 Doc. No. 48.] The orders to show cause ("OSCs") noted that the opposition briefs cited as often to allegations in the complaints as to evidence supporting those allegations. The orders also noted that the Mirch Law Firm had also filed frivolous evidentiary objections and frivolous motions to strike certain exhibits to Home Depot's summary judgment motions on the specious ground that Home Depot had publicly filed the documents in violation of the protective order in this case even though *Home Depot* had designated the documents as confidential and was free to waive such confidentiality.

### C.   The Wheeler Declaration

Among other things, the Haynes summary judgment opposition argued that Home Depot "falsely documented personnel files in order to justify termination," [15cv1038 Doc. No. 35 at 8],[2] and "had a scheme to falsely document and terminate older employees." [*Id.* at 31.] The Haynes opposition also argued that Haynes was "retaliated against for complaining about false writeups" [*Id.* at 17], "falsely documented" [*Id.* at 18, 21, 23], and "given false reviews." [*Id.* at 18.]

Similarly, the Murph summary judgment opposition argued that Home Depot "knowingly created a policy to falsely document, create a hostile environment, and terminate the tenured and older ASMs," [15cv1037 Doc. No. 37 at 12], and "had a scheme to falsely document and terminate older, tenured and male ASMs." [*Id.* at 31.] The Murph opposition also argued that Murph was "subjected to false write-ups," [*Id.* at 12, 16], "falsely accused of performance issues," [*Id.* at 13], "falsely documented" [*Id.* at 18, 25], and argued that "disciplinary actions taken against [Murph] were false." [*Id.* at 18.]

In support of these arguments, both opposition briefs attached the same declaration from Janet Wheeler (the "Wheeler Declaration"), another former Home Depot employee, who is represented by the Mirch Law Firm in another lawsuit against Home Depot that remains pending in this court.[3] The declaration contained the following statement: "Home

---

[2] All pinpoint page citations to the record are to the ECF page numbering that appears on the top right of the page.
[3] *Wheeler v. Home Depot U.S.A., Inc.*, No. 15-CV-2236-CAB(RBB).

Depot created a hostile work environment and allowed its employees to be falsely written up to create a false disciplinary file and 'justify' wrongful terminations." [15cv1037 Doc. No. 37-21, 15cv1038 Doc. No. 35-20 at ¶ 3.]

Wheeler executed her declaration on March 10, 2016. The following day, Home Depot deposed Wheeler in her lawsuit against Home Depot. Kevin Mirch from the Mirch Law Firm represented Wheeler at the deposition. During the deposition, Home Depot presented Wheeler with a declaration she made in yet another lawsuit where a former employee, Lex Housh, was suing Home Depot (the "Wheeler/Housh Declaration"). [15cv 1037 Doc. No. 47-7 at 16; 15cv1038 Doc. No. 44-7 at 16]  In the Wheeler/Housh Declaration, Wheeler also declared that "Home Depot created a hostile work environment and allowed its employees to be falsely written up to create a false disciplinary file and 'justify' wrongful terminations."  After giving Wheeler an opportunity to review her declaration, Home Depot's counsel asked her: "[I]s everything in [the declaration] true?" [15cv 1037 Doc. No. 47-5 at 7; 15cv1038 Doc. No. 44-5 at 7.] Part of Wheeler's response included the following:

>Q. Okay. Is there anything else?
>A. On line 22 of that same page.
>Q. Okay.
>A. It starts on 21 and goes to 22. "Home Depot created a hostile work environment and allowed its employee to be falsely written up." I crossed out falsely. It was written up to create a false disciplinary file." Falsely twice is not legitimate.
>Q. Can you explain what you mean by that?
>A. I can.
>    When somebody was written up, they may be written up for something that actually happened, so it wasn't necessarily a false write-up, but it was something that was sought out to write somebody up for.
>    \*\*\*
>Q. But your testimony is that the write-ups themselves were not documenting events that never took place?
>A. I am not saying the things never took place. It's that the discipline file

was padded in a sense, or not consistent with the files of other employees.

\*\*\*

Q. So the reason you are striking out "falsely" in front of "written up" is because what the employee was written up for had, in fact, occurred?

A. Correct.

Q. And so that employee was written up because of an incident?

\*\*\*

Q. I see. Did any of your district managers ever tell you to write someone up for something that never took place.

A. No. They never told me to write somebody up for things that never took place. \*\*\*

[15cv 1037 Doc. No. 47-5 at 7-10; 15cv1038 Doc. No. 44-5 at 7-10.]

On March 15, 2016, Anthony Sbardellati, Home Depot's counsel who took the Wheeler deposition, spoke with Erin Hanson, who is one of the three Mirch Law Firm attorneys listed as counsel of record on this case.[4]  [15cv 1037 Doc. No. 58-1 at ¶ 5; 15cv1038 Doc. No. 52-1 at ¶ 5.]  On the call, Sbardellati informed Hanson of Wheeler's deposition testimony about her declaration.  [*Id.*]  The next day, the Mirch Law Firm filed the Haynes summary judgment opposition, and on the day after that, the Mirch Law Firm filed the Murph summary judgment opposition.  Both sets of opposition papers included the Wheeler declaration and did not mention her deposition testimony about that declaration.

On March 23, 2016, Home Depot served a "safe harbor" letter under Federal Rule of Civil Procedure 11 concerning the Wheeler Declaration.  [15cv 1037 Doc. No. 47-6; 15cv1038 Doc. No. 44-6.]  The Mirch Law Firm responded on March 31, 2016, with a letter from attorney Erin Hanson.  The response stated: "Prior to filing Ms. Wheeler's

---

[4] At the hearing on these motions, Kevin Mirch stated that the Mirch Law Firm has only three attorneys [Doc. No. 70 at 6], Kevin Mirch, Marie Mirch, and Erin Hanson, each of whom is listed as counsel of record on the docket of this case and whose names appear under in the signature block of the summary judgment opposition papers filed in these cases.  Kevin Mirch further represented that Hanson is his and Marie Mirch's daughter.  [*Id.* at 28, 35.]

declaration I confirmed that all the language was accurate and true. I certainly did not 'indisputably know' or believe that anything was false in Ms. Wheeler's declaration, nor did any other individual in my office. Ms. Wheeler's declaration is not false and it was filed in good faith." [15cv 1037 Doc. No. 47-7 at 1; 15cv1038 Doc. No. 44-7 at 1.] The response letter attaches a new declaration from Ms. Wheeler dated March 31, 2016, that purports to clarify what she meant by the phrase "falsely written up." [15cv 1037 Doc. No. 47-7 at 4-6; 15cv1038 Doc. No. 44-7 at 4-6].

On April 21, 2016, Home Depot filed the instant motion for sanctions in both the Murph and Haynes cases. The motions ask for sanctions of varying severity, including that Murph's and Haynes' oppositions to summary judgment be stricken, that summary judgment be entered for Home Depot, that the Wheeler Declaration be stricken, and for attorney's fees incurred bringing the Rule 11 motions and in responding to the Wheeler Declaration on summary judgment.

**II.     Legal Standard**

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The first and third sources of authority are at issue here. Specifically, the propriety of Plaintiff's use of the Wheeler Declaration under Rule 11 is before the Court both on Home Depot's motion and the Court's OSCs, and the OSCs also put counsel on notice of Rule 11 sanctions for their opposition briefs, motions to strike, and evidentiary objections in connection with the summary judgment oppositions. In addition, Home Depot's motion asks for sanctions under the Court's inherent power, and, because the Court's order to show cause specifically requires Plaintiffs' counsel to "convince the Court that they had a good faith basis to file" the documents in question, the Plaintiffs' attorneys have been provided with sufficient notice for the Court to use its inherent power to issue sanctions even though the OSCs do

not specifically mention the Court's inherent power. *See In re DeVille*, 361 F.3d 539, 551 (9th Cir. 2004) (affirming the issuance of sanctions pursuant to the Court's inherent power despite the bankruptcy court's failure to specify that its inherent power was the basis for disciplinary proceedings because the sanctioned parties "were fully advised of the conduct charged against them and of the fact that the bankruptcy court deemed the charged conduct to have been pursued in bad faith.").

### A. Federal Rule of Civil Procedure 11

"Rule 11 sanctions are appropriate 'when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose.'" *Rodriguez v. Int'l Bhd. of Boilermakers*, No. 14-CV-03537-LHK, 2016 WL 913440, at *3 (N.D. Cal. Mar. 10, 2016) (quoting *Estate of Blue v. Cty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997)). Rule 11 states:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions**.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances,

> a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11. Rule 11 "distinguishes between sanctions imposed upon motion of a party and those imposed by show-cause order on the initiative of the court. The distinction is not merely formal. . . . Rule 11 provides that sanctions may include 'an order to pay a penalty into court, or, *if imposed on motion* and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.'" *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (quoting Fed. R.Civ. P. 11(c)(2)) (*emphasis* added by *Barber*).

### B.     The Court's Inherent Power To Issue Sanctions

The Court's authority to issue sanctions under its inherent power "extends to a full range of litigation abuses." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (internal quotation marks omitted). However, invocation of the inherent power to issue sanctions requires a finding of bad faith, *id.* at 49, " which includes a broad range of willful improper conduct." *Fink*, 239 F.3d at 992.

Notwithstanding the foregoing, "[a] court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Chambers*, 501 U.S. at 50. Nevertheless, "[i]n *Chambers*, the [Supreme] Court left no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink*, 239 F.3d at 992. Thus, "if in the informed decision of the court, neither the statute nor the Rules are up to the task, the court may safely rely its inherent power," as the authority for sanctions. *Chambers*, 501 U.S. at 50.

### III. Discussion

Pursuant to Home Depot's Rule 11 motions and the Courts OSCs, four documents filed by Plaintiffs' counsel are at issue in each case: (1) the Wheeler Declaration; (2) the summary judgment oppositions; (3) the motions to strike; and (4) the evidentiary objections. The summary judgment opposition papers signed by attorney Hanson on behalf of the Mirch Law Firm. The Wheeler Declaration is not signed by any counsel but was submitted by Hanson as an exhibit to Plaintiffs' opposition papers. The motions to strike and evidentiary objections were signed and filed by Marie Mirch. Meanwhile, Kevin Mirch was lead counsel in both cases and represented Ms. Wheeler at the deposition where she testified that the last sentence of paragraph 3 of her declaration was incorrect.

#### A. The Wheeler Declaration

At her deposition, Wheeler testified that the first use of the word "falsely" in paragraph three of her declaration was "not legitimate" and explained that Home Depot did not write people up for events that did not actually occur. In other words, Wheeler specifically testified that Home Depot did not have a practice of falsely writing employees up. Plaintiffs' counsel Kevin Mirch was at this deposition and heard this testimony. Moreover, Home Depot's counsel Sbardaletti alerted Hanson to this testimony before she filed the summary judgment opposition papers that included the Wheeler Declaration and repeatedly argued that Home Depot had "falsely" written up Plaintiffs and other employees and cited the Wheeler Declaration for this assertion despite Wheeler's deposition testimony to the contrary.

In their opposition to Home Depot's motion and response to the Court's OSCs, Plaintiffs' attorneys argued that Hanson, who filed the Wheeler Declaration and signed the opposition briefs, conducted a reasonable inquiry as to the Wheeler Declaration's accuracy because: (1) Hanson was not at Wheeler's deposition; (2) Kevin Mirch claimed that he did not recall Wheeler's testimony disavowing use of the word "falsely" to describe the write-ups; (3) the original transcript "was not available" until after the opposition briefs were due; (4) Hanson spoke with Wheeler after her deposition and Wheeler confirmed then that

her declaration was correct; and (5) Wheeler's testimony did not actually change the meaning of her declaration. The Court is not persuaded that these actions constitute a reasonable inquiry. Kevin Mirch was at Wheeler's deposition, and Home Depot's attorney specifically told Hanson that Wheeler had testified that the declaration was not accurate. That Kevin Mirch claimed to have no recollection of deposition testimony from only days before strains credibility and is also irrelevant. It is also not a "reasonable inquiry" to ask a declarant if her declaration is accurate when already aware that the declarant had testified under oath that portions of it were not accurate. Having been alerted to the deposition testimony, Hanson could have obtained an expedited copy of the transcript or at least a rough copy to see Wheeler's testimony to confirm the specifics of that testimony. No inquiry that failed to obtain a copy of that testimony could be considered reasonable.

The Court is also unpersuaded by the Mirch Law Firm's after-the-fact attempts to justify their use of the Wheeler Declaration by submitting additional declarations from Wheeler wherein she further explains what she meant by "false." None of this information is relevant to whether the Mirch Law Firm made a reasonable inquiry into the accuracy of the Wheeler Declaration *before* filing it with the Court. Moreover, Ms. Wheeler's "clarifications" effectively re-define "false" as "unfair" instead of "untrue." If anything, the Mirch Law Firm's efforts to "spin" Wheeler's deposition testimony serve to underscore that the deposition testimony materially changed the substance of her declaration on a point that the Mirch Law Firm repeatedly argued in the opposition briefs. That additional declarations were needed to reconcile the Wheeler Declaration with Wheeler's subsequent deposition testimony demonstrates that the deposition testimony contradicted the declaration. By submitting a declaration containing statements or words that were disavowed under oath in a deposition without mention of the deposition testimony itself, the Mirch Law Firm acted in bad faith and willfully misled the Court.

### B.     The Summary Judgment Opposition Briefs

Separate from the inclusion of the misleading Wheeler Declaration and citation thereto in support of arguments that Home Depot would "falsely" write-up employees, the

summary judgment opposition briefs filed by the Mirch Law Firm made numerous arguments that lacked any semblance of factual or legal support.

In the Murph lawsuit, these frivolous arguments included:

- That Murph's resignation constituted a constructive discharge as a result of "intolerable conditions" even though Murph claimed he was not aware of any conditions at the time he resigned;
- That Murph had written, oral, and implied employment contracts without addressing Home Depot's evidence of multiple acknowledgments signed by Plaintiff when he applied for his job and after he was hired that his employment was at will;
- That Murph was constructively discharged because of his association with employees over 40 without any citation to legal authority supporting the existence of such a claim or any evidence that Home Depot was even aware that Murph "associated with employees over 40," let alone that Home Depot created "intolerable conditions" as a result of this association; and
- That Murph's gender discrimination claim should survive summary judgment despite absolutely no evidence of any discrimination by Home Depot as a result of Murph's gender.

In the Haynes Lawsuit, the frivolous arguments included:

- That Haynes had written, oral, and implied employment contracts without any evidence of supporting the existence of written or oral contracts and despite Haynes' deposition admissions that he was not under contract and his employment was at will; and
- That Home Depot retaliated against Haynes despite no evidence that Haynes engaged in any protected activity and his claim that he was not aware of any discrimination by Home Depot until more than a year after he was terminated.

These arguments in each case, considered together, were so frivolous that they could not possibly have been made in good faith. They reflect a lack of any good faith inquiry

into or attempt to prove actual wrongdoing in either case and instead are consistent with an attempt to assert as many claims as possible, regardless of merit, in the hopes that maybe one claim will survive. Indeed, consistent with this practice, the Mirch Law Firm did not take even one deposition in the Haynes lawsuit. Any reasonable investigation or analysis of the evidence and law would have revealed to a competent attorney that the majority of Murph's and Haynes's claims, including in particular the retaliation, discrimination and contract claims, lacked any legal or factual basis. Accordingly, these aspects of the summary judgment opposition briefs were "frivolous, legally unreasonable, [] without factual foundation, [and were] brought for an improper purpose." *Estate of Blue*, 120 F.3d at 985.

### C. The Motions to Strike

In both the Murph and Haynes Lawsuits, the Mirch Law Firm filed a motion to strike exhibits to Home Depot's summary judgment motions on the grounds that the documents, which had been produced and marked confidential by Home Depot, were publicly filed in violation of the protective order entered in this case. Home Depot, however, was free to waive the confidentiality of any documents it had previously designated confidential, and the Mirch Law Firm's motion did not purport to protect any confidentiality interest of Murph or Haynes. The Court therefore issued orders for the Mirch Law Firm to withdraw the motions or show cause why it should not be sanctioned. The motions were withdrawn and Marie Mirch explained that she believed the terms of the protective order obligated her to move to strike the confidential exhibits from the record regardless of which party designated them confidential. Although these motions to strike created unnecessary work for the Court, it is not clear the motions were filed to harass Home Depot or in bad faith. These motions are not therefore considered in the overall pattern of conduct that warrants sanctions.

### D. The Evidentiary Objections

Finally, the Mirch Law Firm also filed objections to some of the evidence submitted by Home Depot with its summary judgment motions in each case. The only legal bases

asserted for these objections was that the documents were illegible and did not satisfy Federal Rule of Evidence 1002 because Home Depot did not include originals with its motions. As for the illegibility of the documents, counsel easily could have met and conferred with Home Depot and asked that more legible versions be provided if possible, and indeed, Home Depot subsequently provided the Court with more legible copies. Meanwhile, Federal Rule of Evidence 1003 allows the use of duplicates "unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." The Mirch Law Firm ignored this rule in their objections and did not raise any question as to the authenticity of the documents to which they objected.

Ultimately, these evidentiary objections, while frivolous and serving no good faith purpose, would not warrant sanctions in isolation. However, when considered in conjunction with the other documents discussed herein, they further reflect the Mirch Law Firm's bad faith and abuse of judicial processes.

**IV.   Sanctions**

The unique circumstances here, including the pervasive nature of the bad faith conduct and the composition of the Mirch Law Firm insofar as it consists of a mother, a father, and their daughter, all of whom are counsel of record in these cases and all of whom have had active roles in litigating the cases and in the filing of the documents discussed in this motion, makes the Court hesitant to issue sanctions based on the specific attorney who actually signed or filed a particular document. All three lawyers bear responsibility for the frivolous arguments and evidentiary objections made in connection with the summary judgment papers in both cases, and for misleading the Court by using the Wheeler Declaration. Viewed in isolation, the various malfeasances may not have motivated the Court to award monetary sanctions. In combination, however, they reveal a pattern of bad faith conduct by Plaintiffs' counsel that warrants such sanctions. However, because the bad faith spans multiple documents and can be attributed to all three members of the Mirch Law Firm, regardless of whether they signed a particular document, the sanctioning mechanisms of Rule 11 do not fit well here.

Accordingly, the Court hereby **SANCTIONS** the Mirch Law Firm under the Court's inherent power.  By intentionally misleading the Court with the Wheeler Declaration, frivolously opposing summary judgment on the retaliation, discrimination, and contract claims in the Murph and Haynes lawsuits, and filing frivolous evidentiary objections, the Mirch Law Firm abused the litigation process and acted in bad faith.

With its reply on its sanctions motion in the Murph lawsuit, Home Depot included a declaration from its counsel that Home Depot incurred approximately $10,890.00 in attorneys' fees related to its sanctions motion and reply brief concerning the Wheeler Declaration.  With its reply on its sanctions motion in the Haynes lawsuit, Home Depot included a declaration from its counsel that Home Depot incurred approximately $12,168.50 in attorneys' fees related to its sanctions motion and reply brief concerning the Wheeler Declaration.  [Doc. No. 58-3.]  The Court finds no significant difference in the motions and replies filed in each case and the work involved to prepare said motions appears duplicative.  Accordingly, the Court, pursuant to its inherent power, **ORDERS** the Mirch Law Firm to pay Home Depot $10,900.00 total, as a sanction for the bad faith conduct related to both the Mirch and Haynes lawsuits discussed herein.

The Mirch Law Firm is hereby **ORDERED** to make these sanctions payments to Home Depot on or before **July 20, 2016**.

It is **SO ORDERED**.

Dated:  June 21, 2016

_____
Hon. Cathy Ann Bencivengo
United States District Judge