UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HAYNES,<br><br>                     Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>                     Defendant. | Case No.: 15-CV-1038-CAB-JLB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL**<br><br>**[Doc. No. 177]** |

This matter is before the Court on a motion for new trial filed by Plaintiff Carl Haynes.[1] [Doc. No. 177.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the motion is **DENIED**.

**I.    BACKGROUND**

On July 26–29, 2021 and August 2, 2021, this Court presided over a jury trial between Plaintiff Carl Haynes ("Plaintiff") and Defendant Home Depot U.S.A., Inc. ("Defendant"). The jury reached a verdict in favor of Defendant on both of Plaintiffs'

---

[1] Plaintiff also filed an ex parte application to exceed the page limit on his reply brief regarding his motion for new trial. [Doc. No. 191.] The Court hereby **GRANTS** Plaintiff's request for leave to exceed the page limit set forth in the Local Rules for his reply brief. *See* CivLR 7.1(h).

1

claims.  [Doc. Nos. 172, 173.]

Prior to trial, the Court issued a Trial Scheduling Order allowing each side reasonable time limits of 12 hours, including opening statements and closing arguments, to take place across five days of trial.  [Doc. No. 134 at 1.]  Neither party objected to the Court's imposition of time limits.  At trial, the Court maintained precise time records for both parties in writing and shared those records with the parties daily.  [Doc. No. 184-1 at 71, 73, 75-76.]  The Court also provided a verbal summary of the amount of time used and the amount of time remaining at the end of each trial day.  [Transcript, 7/26/21 at 231:11-12; Transcript, 7/27/21 at 270:10-19; Transcript, 7/28/21 at 267:3-7; Transcript, 7/29/21 at 252:2-9.]  The Court rounded up Plaintiff's time remaining on two days, allotting Plaintiff a few extra minutes each day.  [Doc. No. 184-1 at 76.]  Finally, although Plaintiff only had 30 minutes remaining before the last day of trial, the Court granted Plaintiff an additional hour to present his closing argument.  [Transcript, 7/29/21 at 252:2-9.]  Plaintiff now moves for a new trial based on the Court's imposition of time restrictions and the jury's allegedly inconsistent findings on Verdict Form No. 2.[2]  [Doc. No. 177.]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 59 provides that following a jury trial and upon a party's motion, the district court may grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  FED. R. CIV. P. 59(a)(1)(A).  The court may grant a new trial "if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice."  *Silver Sage*

---

[2] Plaintiff's reply brief largely focuses on witness Courtney Korkow and her testimony at trial.  [Doc. No. 192.]  Plaintiff waived these arguments by raising them for the first time in his reply brief.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).  Nevertheless, the Court considers Plaintiff's new arguments regarding Ms. Korkow, who Plaintiff both deposed pre-trial and called as a trial witness, and finds that they do not warrant the grant of a new trial under Federal Rule of Civil Procedure 59.

15-CV-1038-CAB-JLB

*Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). The authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

### III. ANALYSIS

First, Plaintiff argues that the Court should grant him a new trial because it imposed unreasonable time restrictions for Plaintiff to present his case. [Doc. No. 177-1 at 6.] District courts may impose reasonable time limits on a trial to "prevent undue delay, waste of time, or needless presentation of cumulative evidence." *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994). However, the trial court "must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1508-09 (9th Cir. 1995).

Plaintiff has not established that the Court's imposition of a 12-hour time limit on each party was unreasonable, rigid, or inflexible. The Court set the time limits prior to the start of trial and received no objection from Plaintiff. During trial, the Court provided both parties with daily detailed written and verbal accountings of their time used and time remaining, and Plaintiff again did not object. Plaintiff's counsel never indicated or provided a proffer during trial that he required additional time to put on his case or present a particular witness. In fact, Plaintiff's counsel stated on the record at trial that he was "fully aware of [his] time" and had his trial strategy planned "out to the tenths of a second." [Transcript, 7/27/2021 at 248:20-25.] Moreover, the Court was flexible with implementing the set time limits throughout trial—it *sua sponte* provided Plaintiff with additional time on several occasions, including granting Plaintiff an additional hour to present his closing argument. Thus, Plaintiff has not shown that the Court's actions were unreasonable or rigid in any way. *See Amarel v. Connell*, 102 F.3d 1494, 1514 (9th Cir. 1996) ("The case law makes clear that where a district court has set reasonable time limits and has shown flexibility in applying them, that court does not abuse its discretion.").

Second, Plaintiff argues that the jury's responses on Verdict Form No. 2 [Doc. No. 173] were inconsistent, thereby requiring a new trial. Specifically, Plaintiff objects to the

jury's two findings on Verdict Form No. 2:

> 1. Did Carl Haynes have notice or information of circumstances to put a reasonable person on inquiry to seek to learn the facts necessary to bring an age discrimination claim by February 12, 2014?
> Answer: Yes.
>
> 2. Did Carl Haynes prove that his age was a substantial motivating reason for Home Depot's decision to terminate him?
> Answer: No.

[Doc. No. 173 at 1.]

Plaintiff "bear[s] a high burden to establish an irreconcilable inconsistency" in the jury's findings in order to warrant a new trial. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003) (noting that such a burden exists because the Seventh Amendment guarantees that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States" except "according to the rules of the common law").  Thus, a jury verdict containing multiple findings must be upheld unless it is "impossible under a fair reading to harmonize the answers." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Plaintiff has not met his "high burden" to establish that the jury's two findings on Verdict Form No. 2 are irreconcilably inconsistent. *Zhang*, 339 F.3d at 1038.  The jury first found that Plaintiff had notice or information of circumstances by February 12, 2014 that would have put a reasonable person on inquiry to seek to learn the facts necessary to bring an age discrimination claim. [*Id.*]  In other words, the jury concluded that by February 12, 2014, Plaintiff had some reason to suspect that he had been discriminated against based on his age.  However, the jury next found that Plaintiff failed to prove that his age was a substantial motivating reason for his termination. [*Id.*]  Even if Plaintiff had reason to suspect potential discrimination against him by the relevant date, he did not meet his burden at trial of proving that the potential discrimination was actually a substantial motivating reason for his termination.  These two findings are therefore consistent and can be harmonized under a fair reading of the jury's verdict.

Plaintiff has not shown that the Court's imposition of trial time limits was unreasonable, or that the jury's findings were irreconcilably inconsistent. Accordingly, Plaintiff has failed to establish sufficient grounds to warrant the grant of a new trial under Federal Rule of Civil Procedure 59.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's motion for a new trial is **DENIED**. It is **SO ORDERED**.

Dated:  September 29, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge