UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carl Haynes,<br><br>          Plaintiff,<br><br>v.<br><br>Home Depot U.S.A., Inc., and Does 1-10,<br><br>          Defendant. | Case No.: 15-cv-01038-CAB-JLB<br><br>**ORDER TAXING COSTS** |

  Upon application of Home Depot U.S.A., Inc, a hearing for taxation of costs was held on December 2, 2021. Marie C. Mirch representing plaintiffs, and John D. Hayashi, representing defendants, appeared.

  Local rule 54.1(a) requires that the bill of costs "must itemize the costs claimed, and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred, and copies of the invoices for requested costs." Defendant included the memorandum of costs in the declaration, itemization, and a signed affidavit in the bill of costs (ECF No. [134]). Plaintiff filed a timely objection to the initial bill of costs. [176] [182] During the hearing, the Clerk requested supplemental documents be filed in regards a request noted on the Bill of Cost chart for Docket fees under 28 U.S.C. § 1923. Filing party attorney waived the supplemental request and forfeited taxing the corresponding costs.

On 5/23/2016, there was a Bill of Cost filed by Defendants. (ECF [58]) On 6/28/2016, the Clerk issued an Order taxing costs against the Plaintiff's in the amount of $3,306.40. (ECF [69]) There has been no other Order or documentation vacating this first Order Taxing Costs or invalidating the costs that were taxed. On 8/16/2021, there was another Bill of Costs filed by the Defendants [176], and a timely objection by the Plaintiff [182]. However, the hearing was vacated due to the then pending Motion for New Trail. The Bill of Costs was then refiled on 10/18/2021 [194]. Though there was no renewed objection filed, the timely objection previously filed was considered in the analysis during the taxation of cost hearing.

The local rules only allow for costs that were not previously awarded in the first Order Taxing Cost [69], as costs cannot be double taxed. As noted in the objection, this request includes the $3,306.40 previously taxed and an additional $1,377 incurred through the jury trial and judgment entered on August 2, 2021. (page 2)

The defendants sought recovery for $400 under Fees of the Clerk, $86.40 for copy costs, $2,820 for copies of transcripts from depositions of Carl Haynes (Vol. I, II, III); all of which were taxed in the first Order Taxing Costs [69]. Those fees will not be considered in this order.

Defendant requests recovery for copy costs, totaling $407.30. Local rule 54.1(b)(6) allows recovery for copy costs, pending one of the six listed criteria are met. Additionally, local rule 54.1(b)(6)(c) requires documentary evidence describing the documents, copies, whom they were provided, the number of pages, the cost per hour and use. In the declaration, defendant counsel cites local rule 54.1(b)(6), stating that the following fees were incurred for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case. The itemization and memorandum of cost meet the request requirements, indicating the trial exhibit binders for both the court and the plaintiff. In the objection, counsel noted that the local rule does not mention binders or tabs, but only paper costs. The need for binders and tabs for the trial exhibit binder is inherent in the costs and the rule does not prohibit the

recovery for this. For these reasons, the request for these *new* copy costs will be granted, totaling $407.30.

Defendant requests recovery for deposition transcripts, totaling $950.50. Under local rule 54.1(b)(3), the original plus one copy of any deposition necessarily obtained for use in the case is allowable. In the declaration, counsel confirmed these transcripts were necessarily obtained for use in the case. (page 2) Plaintiff counsel objected to this deposition transcript of Courtney Korkow, as it was for discovery purposes only, not for trial, and it was taken after the defendants added Ms. Korkow as a witness at the close of discovery. (page 5) The defense counsel noted in the hearing that Ms. Korkow was added as one of their witnesses and she did testify at trial. According to local rule 54.1(b)(3), it was reasonably anticipated to be used as trial prep because she was called as a witness by both parties. Though the original deposition cost was paid for the by the Plaintiff, the defendant is only requesting recovery for the cost of the certified copy of the transcript. The request for recovery of this cost is granted.

Costs are taxed as follows:

| *Description* | *Amount(s) Requested* | *Amount(s) Taxed* |
|---|---|---|
| Fees of the clerk | $400.00 | $00.00 |
| Fees for service of summons and subpoenas | | |
| Fees for printed or electronically recorded transcripts | | |
| Fees and disbursements for printing | | |
| Fees for witnesses | | |
| Fees for exemplification and copies | $493.70 | $407.30 |
| Docket fees under 28 U.S.C. § 1923 | $20.00 | $00.00 |
| Costs as shown on mandate of Court of Appeals | | |
| Compensation of court-appointed experts | | |
| Compensation/costs of interpreters under 28 U.S.C. 1828 | | |
| Other costs as itemized: | $3,770.50 | $950.50 |

| | | |
|---|---|---|
| **TOTAL COSTS TAXED** in favor of Home Depot U.S.A., Inc | $ 4,684.20 | $1,357.80 |

Counsel's attention is called to Local Rule 54.1.h which provides in part that a motion to re-tax by any party, in accordance with Rule 54(d), FRCivP and Local Rule 7.1, shall be served and filed within seven (7) days after receipt of the Order Taxing Costs, or unless within the seven (7) day period the court permits the motion to be made orally.

Dated: December 30, 2021

                      John Morrill, Clerk of Court

                      \_\_s/J. Simmons_____
                      J. Simmons, Deputy Clerk